## HARKRADER *v.* WADLEY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF VIRGINIA.

No. 41. Argued October 17, 1898. — Decided December 5, 1898.

The facts in the record show that there is no merit in the several objections to the jurisdiction of this court taken by the appellee in this case.

Two propositions have been so firmly established by frequent decisions of this court as to require only to be stated : (1) When a state court has entered upon the trial of a criminal case, under a statute not repugnant to the Constitution of the United States, or to any law or treaty thereof, and where the state court has jurisdiction of the offence and of the accused, no mere error in the conduct of the trial can be made the basis of jurisdiction in a court of the United States to review the proceedings upon a writ of *habeas corpus.* (2) When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases.

A court of equity, although having jurisdiction over person and property in a case pending before it, is not thereby vested with jurisdiction over crimes committed in dealing with such property by a party before the civil suit was brought, and cannot restrain by injunction proceedings regularly brought in a criminal court having jurisdiction of the crime and of the accused.

A Circuit Court of the United States, sitting in equity in the administration of civil remedies, has no jurisdiction to stay by injunction proceedings pending in a state court in the name of a State to enforce the criminal laws of such State.

IN the Circuit Court of the United States for the Western District of Virginia, one H. G. Wadley filed a petition, signed

and sworn to August 10, 1896, praying for the allowance of a writ of *habeas corpus.* The petition was as follows:

" To the honorable Circuit Court of the United States in and for the Western District of Virginia, at Abingdon, Virginia, Fourth Circuit.

" Your petitioner, H. G. Wadley, respectfully represents and shows to this honorable court that he is a citizen of the United States of America and a citizen of the State of North Carolina, and a resident of the city of Wilmington in that State; that he is unjustly and unlawfully detained and imprisoned in the county jail of Wythe County, Virginia, at Wytheville, Virginia, in the custody of I. R. Harkrader, sheriff of said county, and as such the warden and keeper of said jail, by virtue of a warrant or order of commitment made by the county court of Wythe County, Virginia, at Wytheville, Virginia, on Monday, the 10th day of August, 1896, a copy of which order or warrant of commitment is hereto annexed, marked Exhibit A.

" Your petitioner would now show that on a petition filed by him before the Honorable Charles H. Simonton, United States Circuit Court Judge for said Fourth Circuit, embracing said Western District of Virginia, on the 5th of August, 1896, the said honorable judge, Simonton, entered an order on said petition, allowing it to be filed in the equity cause of *H. G. Wadley* v. *Blount & Boynton et als.,* pending in said court, and on said petition, duly verified and sustained by affidavits, the said honorable judge, Simonton, on said 5th day of August, 1896, in accordance to the prayer of said petition, granted an injunction against Robert Sayers, the Commonwealth's attorney of Wythe County, Virginia; J. A. Walker and C. B. Thomas, special prosecutors, and the creditors embraced in said petition, together with their counsel, from all further proceedings in said county court of Wythe upon an indictment obtained against the said H. G. Wadley in said county court on the 16th day of May, 1894, and especially from exacting or requiring any bail or any commitment to imprisonment of said H. G. Wadley on said indictment in said county court.

" A certified copy of the said petition which was presented

to Judge Simonton on the 5th of August, 1896, is herewith filed, marked Exhibit B, and a certified copy of the said order of Judge Simonton of the 5th of August, 1896, on said petition is likewise herewith filed, marked Exhibit C.

"Your petitioner, H. G. Wadley, would further show that heretofore, to wit, on the 31st of January, 1895, on an injunction theretofore awarded by him to your petitioner in his case of *H. G. Wadley* v. *Blount & Boynton et als.*, in this court, by the Honorable Nathan Goff, he, by a decree of that date, fully sustained the contention of your petitioner by refusing to dissolve said injunction and continuing it in full force, and by said decree enjoined and prohibited all further prosecution of said indictment in the county court of Wythe County, Virginia, as shown by copy of the said decree and the opinion of the Honorable Nathan Goff, herewith filed, marked Exhibit D.

"Your petitioner had hoped that after this final decree in the United States Circuit Court by the Honorable Nathan Goff on said injunction, prohibiting all further prosecution of said indictment, that the order of that honorable court would have been obeyed; but that was a vain conjecture, as the said Robert Sayers, Commonwealth's attorney of Wythe County, Virginia, and said special prosecutors, J. A. Walker and C. B. Thomas, persisted and continued, from term to term or from time to time, in calling up said indictment in said county court, and asking for a continuance of the said indictment and for the commitment of the said H. G. Wadley to the county jail of Wythe County, and he was bailed with sureties for his appearance before the said county court to appear on Monday, the 10th of August, 1896, being the first day of the August term of the said county court. Your petitioner would now show that notwithstanding the fact that the honorable judge, Simonton, as aforesaid, did on the 5th of August, 1896, enter said order especially forbidding any further order in said case in said court except a mere order of continuance, and although copies of the said order were duly executed on said Commonwealth attorney, Robert Sayers, and on said special prosecutors, J. A. Walker and C. B. Thomas, and all of the creditors named in said petition and upon their counsel

of record by the marshal for the Western District of Virginia; which order was duly executed on Saturday, the 8th of August, 1896 —

"Your petitioner, H. G. Wadley, would now show that in flagrant and contemptuous violation of both of the orders named, that of the Honorable Nathan Goff, of the 31st of January, 1895, prohibiting all further prosecution of said indictment, and in violation likewise of the said order of the Honorable Charles H. Simonton of the 5th of August, 1896, upon the calling of the said indictment this day in said county court of Wythe County, Virginia, the said Commonwealth's attorney and one of the special prosecutors asked for a continuance and stated that they had nothing to do with the question of bail or with the question of the commitment of petitioner, but that that was the duty of the court, and thus indirectly accomplished what the order of Judge Simonton in express words prohibited, for the said Commonwealth's attorney and special prosecutors, instead of asking a compliance by the said county court with the order of Judge Simonton, indirectly asked the court to commit him by saying it was the duty of the court to do so, and thereupon W. E. Fulton, the judge of the county court of Wythe County, Virginia, in violation of said orders of the United States court, did order the said petitioner, H. G. Wadley, to be committed to the sheriff of Wythe County, to keep and hold him over to answer said indictment, which is now enjoined by the said United States court, and your petitioner is now in the custody of the sheriff of Wythe County, at Wytheville, who is *ex officio* the warden and jailer of said county, and your petitioner is thus deprived of his personal liberty by the said court on its own motion committing petitioner to the custody of the jailer of Wythe County, Virginia, procured as aforesaid.

"Petitioner avers that the said indictment upon which petitioner was committed was illegally and improperly obtained, in violation of petitioner's rights as a citizen of the United States, by the counsel for the said creditors having themselves summoned before the grand jury of the county court of Wythe County, Virginia, on the 16th of May, 1894, and car-

rying before the grand jury and reading to them a copy of the deposition of your petitioner, which had been taken of petitioner in an equity suit of *Blount & Boynton et als.* v. *H. G. Wadley et als.*, and thus indirectly by said record or deposition from the United States court taken in a cause in that court indirectly required petitioner to testify against himself in a criminal case, and upon the mere copy of said deposition of petitioner, illegally taken from the files of the said cause in the United States court and read to said grand jury of Wythe County, petitioner was indicted. A copy of said indictment is fully set forth, with said exhibit, along with the petition filed on the 5th of August, 1896, and is here referred to as a part of this petition.

"Petitioner avers that his term of imprisonment, now complained of, began on the 10th day of August, 1896, at 12 o'clock M., and that such imprisonment still continues, and that he is now in the custody of the said sheriff, as such jailer, at Wytheville, Virginia.

"Your petitioner will now show that his detention and imprisonment as aforesaid is illegal in this, to wit:

"First. That this court, by two decrees, that of Judge Goff of 31st of January, 1895, as also by the second order of Judge Simonton of 5th of August, 1896, declares and adjudicates the prior jurisdiction of the said United States court, both of the person of your petitioner, and also of the subject-matter of the controversy and of the issues involved in said indictment, and that said prior jurisdiction of the said United States court renders such detention and imprisonment of prisoner by said county court illegal.

"Second. That, as stated by the Honorable Nathan Goff in his petition filed with his order of the 31st of January, 1895, in the injunction case, the indictment against petitioner in said county court of Wythe County, Virginia, was obtained against him illegally and in violation of his constitutional rights as a citizen of the United States, by the misuse and abuse of the records of the United States court, in the withdrawal therefrom of a copy of the deposition of petitioner taken in said court in said equity cause and read and used

before the said grand jury of said county court of Wythe as the foundation of said indictment.

"Wherefore, to be relieved from said unlawful detention and imprisonment, your petitioner, H. G. Wadley, prays that a writ of *habeas corpus*, to be directed to I. R. Harkrader, sheriff of Wythe County, Virginia, at Wytheville, Virginia, and keeper of the said jail of said county, and in whose custody petitioner now is, may issue in his behalf, so that your petitioner, H. G. Wadley, may be forthwith brought before this court, to do, submit to and receive what the law may direct, and upon the hearing thereof that your honor will discharge petitioner from all further custody or imprisonment, and that he go hence without bail."

There was attached to said petition the following exhibit:

"This day came The Commonwealth, by her attorney, and James A. Walker and C. B. Thomas, assistant prosecutors, as well as the accused, in his own proper person, in discharge of his recognizance; whereupon the attorney for the Commonwealth moved the court to continue this cause on the ground that there are documents, books and papers in the possession of I. C. Fowler, clerk of the Circuit Court of the United States for the Western District of Virginia, at Abingdon, and that there are other documents, papers and books in the possession of H. B. Maupin, receiver of the said Circuit Court of the United States, in the chancery cause of Paul Hutchinson, administrator, against the Wytheville Insurance and Banking Company, pending therein, which said papers, books and documents are material evidence of the Commonwealth in the prosecution of the said indictment against the said H. G. Wadley, and that the Commonwealth cannot safely go to trial without the said papers, books and documents; that the said J. L. Gleaves, then attorney for the Commonwealth of Virginia for Wythe County aforesaid, at a former term of the Circuit Court of the United States, applied to the said Circuit Court for an order directing the said clerk and the receiver to obey any *subpœna duces tecum* issued from the clerk's office of this court, requiring said clerk and said receiver to produce

said papers, books and documents before this court on the trial of this prosecution, and that since said order was entered in the said Circuit Court of the United States, the said J. L. Gleaves, attorney for the Commonwealth aforesaid, procured *subpœna duces tecum* to be regularly issued from the clerk's office of this court for said I. C. Fowler, clerk as aforesaid, residing at Abingdon, Virginia, and H. B. Maupin, receiver as aforesaid, residing in Wythe County, Virginia, requiring them to produce said papers, books and documents in their possession as aforesaid; which said *subpœnas duces tecum* were duly executed on the said I. C. Fowler, clerk, and the said H. B. Maupin, receiver, but that they refused and declined to obey the same or to produce said papers, books and documents, because since said order was entered by the United States court, and since said *subpœnas duces tecum* were issued and served, the accused, H. G. Wadley, had prepared and sworn to a bill asking for an injunction restraining the said I. C. Fowler, clerk, and the said H. B. Maupin, receiver, from obeying any such *subpœna duces tecum;* which bill was presented by counsel for the said H. G. Wadley to the Hon. Nathan Goff, one of the Circuit Judges of the United States for the Fourth Circuit, and on the *ex parte* motion of the said Wadley the said judge awarded an injunction restraining the said J. L. Gleaves, attorney for the Commonwealth of Wythe County, Virginia, either by himself or the agreement of others; I. C. Fowler, clerk of the said United States Circuit Court; H. B. Maupin, receiver as aforesaid, by themselves or by their agents or defendants, from all further proceedings or participation by them or either of them in a prosecution now pending in the county court of Wythe County, in the name of *The Commonwealth* v. *H. G. Wadley*, for the embezzlement of the assets of the Wytheville Insurance and Banking Company, restraining and enjoining them and all other defendants named in said bill, including their attorneys, clerks, agents, either directly or indirectly, through their own agency or the agency of others, from in any manner using against said H. G. Wadley in any other court, state or Federal, in any other case, civil or criminal, the deposition of the said Wad-

ley taken in another case of *Paul Hutchinson, Adm'r,* v. *The Wytheville Insurance and Banking Company,* pending in the Circuit Court of the United States for the Western District of Virginia, or any copy thereof or extract therefrom.

"And the prayer of said bill is in the following words:

"Forasmuch as your orator can have no adequate relief except in this court, and to the end, therefore, that the defendants may, if they can, show why your orator should not have the relief prayed for, and that they may answer to the matters hereinbefore stated and charged, the prayer of your orator is —

"That this bill of injunction and for relief be treated as incidental to said suit now pending in your honor's said court at Abingdon; that your honor may grant a writ of injunction, issuing out of and under the seal of this honorable court, restraining and enjoining, under the penalty for a violation hereof, all of the defendants to this bill, including their attorneys, clerks and agents, either directly or indirectly, through their own agency or through the agency of others, from in any manner using against orator in any other court, state or Federal, in any other case, civil or criminal, the said deposition of your orator aforesaid taken in said suit in equity, or any copy thereof, or the report of Master Commissioner Gray, taken and filed therein, or any copy thereof, or any of the books, papers, records or correspondence, or any copies thereof or extracts therefrom, of the Wytheville Insurance and Banking Company, in the possession or that came under the control of said Gray, commissioner, or of H. J. Heuser, late receiver, or of H. B. Maupin, present receiver, or of I. C. Fowler, clerk, in said equity suit that was brought in this court by said creditors; that your honor will likewise enjoin each and all of said defendants, creditors, who are now parties by the decrees of this court in said suit in equity now pending in this court, whether they are parties to the original bill or intervenors by petition or are plaintiffs in the amended, supplemental and cross bill, or whose claims have been allowed by or presented to the master commissioner, Gray, for allowance, together with all their attorneys, clerks or agents, either through their

own agency or acts or through the agency or acts of others, and also the said J. L. Gleaves, the Commonwealth's attorney of Wythe County, Virginia, either by himself or by the agency of others, and said commissioner, Gray, receivers Heuser and Maupin, and said clerk, Fowler, by themselves or their agents or deputies, from all further prosecution of or participation by them or by either of them in the criminal procedure now pending in the county court of Wythe County, Virginia, in the name of *The Commonwealth of Virginia* v. *H. G. Wadley*, upon an indictment for embezzlement of the assets of the Wytheville Insurance and Banking Company, the said creditors having already submitted themselves and their claims affected by or involved in said criminal procedure, by their bill in equity, to the prior jurisdiction of this court; that your honor, upon a final hearing of this cause, will punish the parties involved for their unjust and unlawful misuse of the records of this court in said equity suit, for the promotion and prosecution by said creditors of said criminal procedure against your orator, now pending in the said county court of Wythe County, Virginia, put on foot by said creditors and their attorneys.

"Copy. Attest: I. C. FOWLER, *Clerk.*

"The restraining order is in the following words :

"This day came H. G. Wadley, one of the defendants in the above proceedings in equity now pending in the above-named court, and he presented his bill for an injunction in his name against said Blount and Boynton *et als.*, and this said bill being duly sworn to by H. G. Wadley and fully supported by the affidavits of J. H. Gibboney, H. J. Heuser and J. B. Barrett, Jr., the cause came on this day to be heard upon said bill for injunction, and upon all the exhibits filed thereto, and upon a transcript of the record of said original bill and said amended, supplemental and cross bill above named, and, upon reading said bill and affidavits and the said exhibits and transcripts, the court is of opinion that the equity jurisdiction of the United States court above named first attached to both the persons and the subject-matter involved in said suits

in equity, and that it is improper that the records of the pleadings, proofs, books and papers filed in and parts of said equity suits now in litigation and pending unadjudicated in this court between· said parties, or copies thereof, should be withdrawn therefrom and used by any one in any criminal or other proceedings, in any other court, against the said party to any of said suits, in regard to any matters in issue in said suits in equity, until the same have been fully adjudicated by this court; and it appearing to this court from said bill for injunction that such has been done and is now threatened by parties to said suits in equity for the use in a criminal proceeding just begun by them in the county court of Wythe County, Virginia, against said H. G. Wadley, for matters involved in and growing out of said suits in equity which were first instituted and are still pending in litigation and undetermined in this court, it is ordered that an injunction be awarded to said H. G. Wadley according to the prayer of his bill; and it appearing to the court that the defendants in said bill are quite numerous, it is further ordered that service of this order on their counsel shall be equivalent to personal service on them.

" But before this injunction shall take effect the said H. G. Wadley will execute a bond before the clerk of the court in the penalty of $10,000, conditioned according to law, with N. L. Wadley, as his surety, who is approved as such surety, proof of her solvency being now made.

" June 8, 1894.

" To I. C. Fowler, clerk United States Circuit Court, Abingdon, Virginia.

" N. GOFF, <i>Circuit Judge.</i>

" And thereupon, on motion of the attorney for the Commonwealth, the case is continued until the next term.

" And the court, of its own motion, required the prisoner to enter into a bond, with security, in the penalty of $10,000, and until such bond is given he is committed to the custody of the jailer of this county.

" Enter. <span style="float:right">WM. E. FULTON, <i>Judge.</i>"</span>

In pursuance of this petition a writ of *habeas corpus* was issued, on August 11, 1896, directed to I. R. Harkrader, sheriff of Wythe County, Virginia, and, as such, jailer of said county, commanding him to bring said · H. G. Wadley, together with the day and cause of his caption and detention, before Charles H. Simonton, judge of the Circuit Court of the United States within and for said district aforesaid, on August 14, 1896.

On August 14, 1896, I. R. Harkrader, sheriff, produced the body of said Wadley and made the following return:

"To the honorable Judge of the United States Circuit Court for the Fourth Circuit of the United States:

"In the matter of the petition of H. G. Wadley and the writ of *habeas corpus ad subjiciendum* which issued from the clerk's office of the Circuit Court of the United States for the Western District of Virginia on the 11th day of August, 1896, and returnable on the 14th day of August, 1896, in the town of Wytheville, Wythe County, Virginia, this respondent, for answer to the said writ, says that he here produces the body of the said H. G. Wadley, the person named in the said petition for the said writ, in obedience to the command and direction thereof, and for further return and answer to said writ here avers that he detained in his custody the body of said H. G. Wadley, under and by virtue of an order of the county court of Wythe County, State of Virginia, entered in the case of *The Commonwealth of Virginia* v. *said H. G. Wadley* on the 10th day of August, 1896, upon an indictment for a felony pending in said court against said Wadley. So much of said order as relates to the custody of said Wadley is here inserted in the words and figures following, to wit:

"'And the court, of its own motion, required the prisoner to enter into bond, with security, in the penalty of $10,000, and until such bond is given he is committed to the custody of the jailer of this county.'

"And now respondent, having fully answered, prays that said writ may be discharged, and that he may be awarded his

costs about his return to the writ aforesaid in this behalf expended ; and, in duty bound, he will ever pray, etc.

"I. R. HARKRADER,

"*Sheriff of Wythe County, Virginia, and as such Jailer Thereof.*"

To this return Wadley filed a reply in the following words :

"The petitioner, H. G. Wadley, comes and says that for ought contained in the said return of I. R. Harkrader, sheriff of Wythe County, Virginia, to his petition for *habeas corpus,* that petitioner is entitled to his discharge because he denies, as contained in said return, said county court of Wythe County, Virginia, had any jurisdiction of said petitioner or the subject-matter of said indictment at the time it was found or now has such jurisdiction. Petitioner denies the validity of the order of commitment of said court of petitioner to said sheriff of 10th August, 1896, relied on in said return, and says that commitment is void, because said court has no jurisdiction to enter it, and also because the indictment upon which the petitioner was so committed was obtained in violation of the Constitution of the United States by the illegal and unconstitutional use of petitioner's deposition withdrawn from the files of this court and carried before and read to the said grand jury which found the said indictment, and hence said custody is unlawful, and petitioner is deprived illegally of his personal liberty."

He also filed the following demurrer :

"And now comes H. G. Wadley in his own proper person and by his counsel, Blair and Blair, and having heard the return of said sheriff read in answer to the writ of *habeas corpus* awarded in this cause, he says that the said return and the matters therein contained and set forth are not sufficient in law, and that the said return shows no legal ground for petitioner's detention by said sheriff, and that it is not sufficient answer to the matters of law and fact contained in said petition and exhibits; and this he is ready to verify ; wherefore, for want of any sufficient return in this behalf, said H. G. Wadley, the petitioner, prays judgment that the said

return be held insufficient; that an order be entered discharging petitioner from the custody of the said sheriff."

The record, as certified, discloses the following proceedings:

"On this the 14th day of August, 1896, came H. G. Wadley, the petitioner, by his counsel, Blair & Blair, and this cause coming on to be heard upon the petition for a writ of *habeas corpus* and for order of discharge, with the exhibits filed with the said petition, and said petition being duly verified by the affidavit of the petitioner, and upon the writ of *habeas corpus* issued on said petition on the 11th of August, 1896, and duly executed upon I. R. Harkrader, sheriff of Wythe County, and as such the jailer and warden of said county, in whose custody the petitioner is detained, and upon the return of said sheriff to said writ of *habeas corpus*, with the commitment filed therewith as the authority under which he acts, upon the demurrer of petitioner to said return and joinder in said demurrer, and upon the answer and denial of the said petitioner to said return, and upon the record in said case of *H. G. Wadley* v. *Blount & Boynton et al.*, and upon the production of the body of said H. G. Wadley before this court by the said sheriff, the said sheriff appearing in person, and also by counsel, attorney general of Virginia, and after argument of counsel, and the court being fully advised in the premises, the court finds that the said petitioner, H. G. Wadley, is unlawfully restrained of his liberty by the county court of Wythe County, Virginia, by virtue of an order of the judge thereof, committing him to custody in default of bail, entered on the 10th of August, 1896, on an indictment of *The Commonwealth of Virginia* v. *H. G. Wadley* on a complaint of felony set up in the petition, notwithstanding the injunction and writ of this court, it is therefore considered and ordered by this court that the said H. G. Wadley be discharged from the custody of the said I. R. Harkrader, sheriff of Wythe County, Virginia, and from the custody of said court, as said court cannot prosecute said indictment pending said injunction, and that the said H. G. Wadley hold himself subject to the further order of this court.

" And it is further ordered that the United States marshal for the Western District of Virginia serve a copy of this order upon I. R. Harkrader, sheriff of Wythe County, Virginia, and as such the warden and jailer of said county, and also a copy thereof upon W. E. Fulton, judge of said court, and Robert Sayers, Jr., the Commonwealth's attorney for Wythe County, Virginia.

" 15th August, 1896.

" To I. C. Fowler, clerk of this court at Abingdon, Virginia.

" CHARLES H. SIMONTON, *Circuit Judge.*

" The attorney general of Virginia, in his proper person, states that from this order the Commonwealth of Virginia desires to appeal.

" CHARLES H. SIMONTON."

Thereafter, I. R. Harkrader, sheriff of Wythe County, Virginia, by R. Taylor Scott, attorney general of Virginia and counsel for petitioner, filed a petition for an appeal to the Supreme Court of the United States, which was, on October 12, 1896, allowed by the Circuit Judge of the Circuit Court for the Western District of Virginia.

*Mr. A. J. Montague,* attorney general of the State of Virginia, for appellant.

*Mr. F. S. Blair* for appellee.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

The appellee has moved the dismissal of the appeal because, as is alleged, the order discharging the prisoner on the writ of *habeas corpus* was made by a judge, and not by a court; because the order, whether made by a judge or a court, was not final, as the prisoner was discharged only " pending said injunction," and was held subject to the further order of the United States Circuit Court, and because there was no certificate from the court below as to the distinct question of jurisdiction involved.

It is, indeed, true, as was decided in *Carper* v. *Fitzgerald*, 121 U. S. 87, that no appeal lies to this court from an order of a Circuit Judge of the United States, and not as a court, discharging the prisoner brought before him on a writ of *habeas corpus*. But this record discloses that, while the original order was made at chambers, the final order, overruling the return of the sheriff and discharging the prisoner from custody, was the decision of the Circuit Court at a stated term, and therefore the case falls within *In re Palliser*, 136 U. S. 257, 262.

We see no merit in the suggestion that the order discharging the prisoner was not a final judgment. It certainly, if valid, took away the custody of the prisoner from the state court, and put an end to his imprisonment under the process of that court.

That the jurisdiction of the Circuit Court was put in issue by the petition for the writ of *habeas corpus* and the return thereto, is quite evident. The contention made, that such question has not been presented to us by a sufficiently explicit certificate, we need not consider, for the case plainly involves the application of the Constitution of the United States. The division and apportionment of judicial power made by that instrument left to the States the right to make and enforce their own criminal laws. And while it is the duty of this court, in the exercise of its judicial power, to maintain the supremacy of the Constitution and laws of the United States, it is also its duty to guard the States from any encroachment upon their reserved rights by the General Government or the courts thereof. As we shall presently see, this is the nature of the question raised by this record.

It is doubtless true, as urged by the appellee's counsel, that an assignment of error cannot import into a cause questions of jurisdiction which the record does not show distinctly raised and passed on in the court below ; but we think that this record does disclose that the assignments of error, which were embodied in the prayer for an appeal, set up distinctly the very questions of jurisdiction which were contained in the record and passed on by the trial court.

The further contention on behalf of the appellee, that the record does not show that the appeal as allowed was ever "filed" in the United States Circuit Court, and that therefore this court is without jurisdiction to entertain the case, we cannot accept, because we think the record, as certified to us, distinctly shows that the petition for appeal was filed on October 8, 1896; that the appeal was allowed on October 12, 1896; that the bond, containing a recital that the said Harkrader, sheriff, had "obtained an appeal and filed a copy thereof in the clerk's office of said court," was filed and approved on October 12, 1896; and that the citation was served and duly filed. This is a plain showing that the appeal as allowed was duly "filed." It is sufficient to cite *Credit Co.* v. *Arkansas Central Railway*, 128 U. S. 258, 261, where it was said: "An appeal cannot be said to be 'taken' any more than a writ of error can be said to be 'brought' until it is, in some way, presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause, and making it its duty to send it to the appellate court. This is done by filing the papers, viz., the petition and allowance of appeal (where there is such petition and allowance), the appeal bond and the citation. In *Brandies* v. *Cochrane*, 105 U. S. 262, it was held that in the absence of a petition and allowance, the filing of the appeal bond, duly approved by a justice of this court, was sufficient evidence of the allowance of an appeal, and was a compliance with the law requiring the appeal to be filed in the clerk's office."

We now come to the question, thus solely presented for our consideration, Had the Circuit Court of the United States authority to issue a writ of *habeas corpus* to take and discharge a prisoner from the custody of the state court when proceeding under a state statute not repugnant to the Constitution or laws of the United States, under which the prisoner had been indicted for an offence against the laws of the State?

Two propositions have been so firmly established by frequent decisions of this court as to require only to be stated: First. When a state court has entered upon the trial of a

criminal case, under a statute not repugnant to the Constitution of the United States, or to any law or treaty thereof, and where the state court has jurisdiction of the offence and of the accused, no mere error in the conduct of the trial can be made the basis of jurisdiction in a court of the United States to review the proceedings upon a writ of *habeas corpus.* *Andrews* v. *Swartz*, 156 U. S. 272; *Bergmann* v. *Backer*, 157 U. S. 655. Second. When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases. *Freeman* v. *Howe*, 24 How. 450; *Buck* v. *Colbath*, 3 Wall. 334; *Taylor* v. *Taintor*, 16 Wall. 366; *Ex parte Crouch*, 112 U. S. 178. .

In the present case it is not contended that the state statute, under which the county court of Wythe County was proceeding, was repugnant to the Constitution or any law of the United States, or that the State did not have jurisdiction of the offence charged and of the person of the accused.

But it is claimed, under the second of the above propositions, that as the Circuit Court of the United States had obtained prior and therefore exclusive jurisdiction of the affairs and assets of the Wytheville Banking and Insurance Company, a corporation of the State of Virginia, by virtue of two suits in equity brought in said court in October, 1893, by creditors of the said banking company, in which suits a receiver to take charge of the property of the bank, and a master to take all necessary accounts, had been appointed, it followed that the state court had no jurisdiction, pending those suits, to proceed by way of indictment and trial against an officer for the offence of embezzlement, as created and defined by a valid statute of the State of Virginia. For the state court to so proceed, it is claimed, constituted an interference with the Federal court in the exercise of its jurisdiction; and that hence it was competent for the United States court to grant an injunction against the prosecution of the

criminal case and to release the prisoner by a writ of *habeas corpus* directed to the sheriff.

It is not denied, on behalf of the appellee, that by section 720 of the Revised Statutes it is enacted that the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except where such injunction may be authorized by any law relating to proceedings in bankruptcy. Nor do we understand that it is denied that, apart from the effect of section 720, the general rule, both in England and in this country, is that courts of equity have no jurisdiction, unless expressly granted by statute, over the prosecution, the punishment or pardon of crimes and misdemeanors, or over the appointment and removal of public officers, and that to assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offences, or for the removal of public officers, is to invade the domain of the courts of common law, or of the executive and administrative department of the Government. *In re Sawyer*, 124 U. S. 200.

But, as respects section 720, it is argued that it must be read in connection with section 716, which provides that " The Supreme Court and the Circuit and District Courts shall have power to issue writs of *scire facias*. They shall also have power to issue all writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law ; " and the cases of *French* v. *Hay*, 22 Wall. 231, 253, and *Dietzsch* v. *Huidekoper*, 103 U. S. 494, are cited to the alleged effect that the prohibition in section 720 does not apply where the jurisdiction of a Federal court has first attached.

The cited cases were of ancillary bills, and were in substance proceedings in the Federal courts to enforce their own judgments by preventing the defeated parties from wresting replevied property from the plaintiffs in replevin, who by the final judgments were entitled to it.

As was said in *Dietzsch* v. *Huidekoper :* " A court of the United States is not prevented from enforcing its own judg-

ments by the statute which forbids it to grant a writ of injunction to stay proceedings in a state court. Dietzsch, the original plaintiff in the action on the replevin bond, represented the real parties in interest, and he was a party to the action of replevin, which had been pending, and was finally determined in the United States Circuit Court. That court had jurisdiction of his person, and could enforce its judgment in the replevin suit against him, or those whom he represented. The bill in this case was filed for that purpose and that only."

Nor was there any attempt made in those cases to enjoin the state courts or any state officers engaged in the enforcement of any judgment or order of a state court.

It is further contended that when the parties sought to be enjoined have, as plaintiffs, submitted themselves to the court, by a bill in equity, as to the matter or right involved, a bill for an injunction will lie to prevent interference by criminal procedure in another court; and the decision of this court in *In re Sawyer*, 124 U. S. 200, is cited, where Mr. Justice Gray said : "Modern decisions in England, by eminent equity judges, concur in holding that a court of chancery has no power to restrain criminal proceedings, *unless they are instituted by a party to a suit already pending before it, and to try the same right that is in issue there.*" So, also, the case of *The Mayor &c. of York* v. *Pilkington*, 2 Atkins, 302, is cited, and in that case, where plaintiffs in a chancery bill and cross bill to establish in equity their sole right of fishing in a certain stream, while their bill was still pending, caused the defendant to be indicted at the York Criminal Court for a breach of the peace for such fishing, Lord Hardwicke awarded an injunction to restrain the plaintiff from all further criminal proceedings in other courts, and said that if a plaintiff filed a bill in equity against a defendant for a right to land and a right to quiet the possession thereof, and after that he had preferred an indictment against such defendant for a forcible entry into said land, the court of equity would certainly stop the indictment by an injunction.

But the observations quoted had reference to cases where

the same rights were involved in the civil and criminal cases, and where the legal question involved was the same. Thus the case of the fishery, both in the civil and the criminal proceeding, involved the right of the defendant to fish in certain waters where the plaintiff claimed an exclusive right, and, as no actual breach of the peace was alleged, the public was not concerned. And when, in the later case of *Lord Montague* v. *Dudman*, 2 Vesey, 396, where an injunction was prayed for to stay proceedings in a mandamus, his ruling in *Mayor of York* v. *Pilkington* was cited, Lord Hardwicke said: "This court has no jurisdiction to grant an injunction to stay proceedings on a mandamus, nor to an indictment, nor to an information. As to *Mayor of York* v. *Pilkington*, the court granted an order to stay the proceedings because the question of right was depending in the court in order to determine the right, and therefore it was reasonable they should not proceed by action or indictment until it was determined."

If *any* case could be supposed in which a court of equity might look behind the formal proceeding, in the name of the State, to see that its promoters are parties to the case pending in the court of equity, using the process of the criminal court, not to enforce the rights of the public, but to coerce the defendant to surrender in the civil case, it is sufficient to say that, in the present case, the indictment, whose prosecution the Circuit Court sought to stay, appears to have been regularly found, and to assert an offence against a law of the State, the validity of which is not assailed.

The fallacy in the argument of the appellee in the present case is in the assumption that the *same right* was involved in the criminal case in the state court and in the equity case pending in the Federal court. But it is obvious that the civil liability of Wadley to indemnify the plaintiffs in the equity suits, by reason of losses occasioned by his misconduct as an officer of the bank, is another and very different question from his criminal liability to the Commonwealth of Virginia for embezzlement of funds of the bank. There might well be different conclusions reached in the two courts. A jury in the criminal case might, properly enough, conclude that, how-

ever foolish and unjustifiable the defendant's conduct may have been, he was not guilty of intentional wrong. The court, in the equity case, might rule that the defendant's disregard of the ordinary rules of good sense and management was so flagrant as to create a civil liability to those thereby injured, without viewing him as a criminal worthy of imprisonment. The verdict and judgment in the criminal case, whether for or against the accused, could not be pleaded as *res judicata* in the equity suits. Nor could the conclusion of the court in equity, as to the civil liability of Wadley, be pleadable either for or against him in the trial of the criminal case. Surely if, by reason of a compromise or of failure of proof, the court in equity made no decree against Wadley, the Commonwealth of Virginia would not be thereby estopped from asserting his delinquencies under the criminal laws of the State. Nor would the court in equity be prevented, by a favorable verdict and judgment rendered in the state court, from adjudging a liability to persons injured by the defendant's official misbehavior.

And this reasoning is still more cogent where the respective courts belong one to the state and the other to the Federal system.

Embezzlement by an officer of a bank organized under a state statute is not an offence which can be inquired into or punished by a Federal court. Such an offence is against the authority and laws of the State. The judicial power granted to their courts by the Constitution of the United States does not cover such a case. The Circuit Court of the United States for the Western District of Virginia could not, in the first instance, have taken jurisdiction of the offence charged in the indictment, nor can it, by a bill in equity, withdraw the case from the state court, or suspend or stay its proceedings.

In both of the injunctions pleaded in answer to the return of the sheriff the attorney of the Commonwealth of Virginia for Wythe County was named as such, and was thereby prohibited from all further prosecution of the indictment pending in the county court of Wythe County in the name of the *Commonwealth of Virginia* v. *H. G. Wadley*, charged with

embezzlement of the funds of the Wytheville Insurance and Banking Company.

No case can be found where an injunction against a state officer has been upheld where it was conceded that such officer was proceeding under a valid state statute. In the present case the Commonwealth's attorney, in the prosecution of an indictment found under a law admittedly valid, represented the State of Virginia, and the injunctions were therefore in substance injunctions against the State. In proceeding by indictment to enforce a criminal statute the State can only act by officers or attorneys, and to enjoin the latter is to enjoin the State. As was said in *In re Ayers*, 123 U. S. 443, 497: "How else can the State be forbidden by judicial process to bring actions in its name, except by constraining the conduct of its officers, its attorneys and its agents? And if all such officers, attorneys and agents are personally subjected to the process of the court, so as to forbid their acting in its behalf, how can it be said that the State itself is not subjected to the jurisdiction of the court as an actual and real defendant?"

It is further contended, on behalf of the appellee, that even if the injunctions in the equity causes, restraining the proceedings in the county court were erroneous, they could not be attacked collaterally by this appeal in the *habeas corpus* case. The obvious answer to this is that this court is dealing only with the question of the jurisdiction of the court below. To the return of the sheriff, justifying his detention of the prisoner by setting up the order of the county court, the petitioner, Wadley, by way of reply pleaded the injunctions. This, of course, raised the question of the validity of those injunctions. If they were void, they conferred no jurisdiction upon the Circuit Court to enforce them as against the officers and process of the state court.

Again, it is urged that the indictment had been improperly found by reason of the admission before the grand jury of Wadley's deposition in the civil case. But, even if what passed in the grand jury room can be inquired into on a writ of *habeas corpus*, and this we do not concede, the remedy for

such misconduct must be sought in the court having control and jurisdiction over the proceedings.

So, too, any offence to the dignity or authority of the Circuit Court, by the misuse of its records or papers, by its suitors or their counsel, can be corrected by that court without extending its action so as to include the state court or its officers.

We are of opinion, then, that a court of equity, although having jurisdiction over person and property in a case pending before it, is not thereby vested with jurisdiction over crimes committed in dealing with such property by a party before the civil suit was brought, and cannot restrain by injunction proceedings regularly brought in a criminal court having jurisdiction of the crime and of the accused. Much more are we of opinion that a Circuit Court of the United States, sitting in equity in the administration of civil remedies, has no jurisdiction to stay by injunction proceedings pending in a state court in the name of a State to enforce the criminal laws of such State.

*Therefore the judgment of the Circuit Court of the United States for the Western District of Virginia, discharging said H. G. Wadley from the custody of the said I. R. Harkrader, sheriff of Wythe County, Virginia, and from the custody of said county court of Wythe County, is hereby reversed, and the cause is remanded to that court with directions to restore the custody of said H. G. Wadley to the sheriff of Wythe County, Virginia.*