SMITH v. ALEXANDER et al.

(Circuit Court, D. Rhode Island. June 7, 1906.)

No. 2,692.

INJUNCTION—RIGHT TO PRELIMINARY INJUNCTION—DOUBTFULNESS OF COURT'S JURISDICTION.

A suit in a federal court against a board of state commissioners for an injunction, the real purpose of which is to secure the enforcement of a contract between complainant and the state, in accordance with the interpretation placed thereon by complainant, the correctness of which is denied by defendants, is one in which the jurisdiction of the court is so doubtful under the eleventh constitutional amendment denying jurisdiction of suits against a state that a preliminary injunction will not be granted.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 309.]

In Equity. On motion for preliminary injunction.

Vincent, Bass & Barnfield and Walter B. Vincent, for complainant. Wm. B. Greenough, Atty. Gen. of Rhode Island, for defendants.

BROWN, District Judge. I am of the opinion that the complainant's rights are so doubtful that this court would not be justified in granting a preliminary injunction. The contract between the state of Rhode Island and the complainant, relating to the steel structure of a bridge upon the site of the present Rhode Island Stone Bridge, pro-

vides, in section 5 of the specifications, for the loads for which the steel structure shall be designed. Controversy has arisen over the following language:

"The live or moving load shall be taken at 100 pounds per square foot of area of roadway and sidewalk, in addition to one loaded electric car in any position on the bridge at the same time. The electric car load shall be taken at 80,000 lbs.," etc.

Plans submitted by the contractor were rejected by the engineer, on the ground that they did not conform to these requirements. In disposing of this petition, it is not necessary to consider other objections made by the engineer.

The complainant has repeatedly, and in most positive terms, refused to accept the engineer's interpretation of the contract. Although the contract provides that the engineer shall decide as to the meaning and intent of the specifications, complainant insists upon his own interpretation of this clause, which is, in substance, that the steel structure shall be designed, not to carry the electric car load of 80,000 pounds in addition to the live or moving load of 100 pounds per square foot of roadway and sidewalk, but to carry either, and not both, of these loads; in other words, that the provision is not for combined loads, but for alternative loads. The complainant seeks to support his interpretation of the contract by evidence of an understanding between him and one or more of the commissioners and the engineer prior to the execution of the contract, and thereby to explain, control, and qualify the language of the contract. It is doubtful whether this evidence is of any value from a legal point of view, in view of the decisions of the Supreme Court in The Barnstable, 181 U. S. 464, 472, 21 Sup. Ct. 684, 45 L. Ed. 954, and Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837.

Passing this question, there arises the further question whether the parties to the contract have not, by their own agreement, conferred upon the engineer full power to determine such a question of interpretation of the specifications as that which complainant has raised.

It is not necessary, however, to consider the grounds upon which the complainant bases the argument that he is not bound by the interpretation of the engineer, for there is the further and most serious objection that this court has no jurisdiction for the reason that the suit is, in effect, a suit against the state of Rhode Island, and therefore substantially within the prohibition of the eleventh amendment to the Constitution of the United States, which declares that:

"The judicial power of the United States shall not be construed to extend to any suit, in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

The gist of the case is the interpretation of a contract between the state of Rhode Island and the contractor. It is plain that the state of Rhode Island has a substantial interest in the question, what shall be the strength of the structure which is to be built by the contractor? Whether the state is a party is not to be determined by the nominal parties to the record, but by the effect of the judgment

or decree which is sought. If this complainant could prevail, the engineer would be required to accept plans which in his judgment do not conform to the contract between the complainant and the state.

I am unable to accept the complainant's contention that this bill seeks the enforcement by state officers of purely ministerial duties imposed by law. The complainant seeks to establish a particular interpretation of the contract, and to introduce evidence in aid of this interpretation. He seeks to enjoin particular acts, on the ground that they constitute a violation of his rights under the contract. It was said in Re Ayers, 123 U. S. 443, 503, 8 Sup. Ct. 164, 182, 31 L. Ed. 216:

"The defendants as individuals, not being parties to the contract, are not capable at law of committing a breach of it. There is no remedy for a breach of a contract, actual or apprehended, except upon the contract itself, and between those who are by law parties to it."

See, also, pages 489, 491, 501, 503, of 123 U. S., page 164 of 8 Sup. Ct., 31 L. Ed. 216.

The decisions of the Supreme Court upon this subject are numerous. On behalf of the defendants, the following cases are cited: In re Ayers, 123 U. S. 443, 497-507, 8 Sup. Ct. 164, 31 L. Ed. 216; Union Trust Co. v. Stearns et al. (C. C.) 119 Fed. 790, 793; Harkrader v. Wadley, 172 U. S. 148, 159, 19 Sup. Ct. 119, 43 L. Ed. 399; Minn. v. Hitchcock, 185 U. S. 386, 22 Sup. Ct. 650, 46 L. Ed. 954; Chandler v. Dix, 194 U. S. 590, 24 Sup. Ct. 766, 48 L. Ed. 1129; Cunningham v. R. R. Co., 109 U. S. 446, 456, 3 Sup. Ct. 292, 27 L. Ed. 992; Pennoyer v. McConnaughy, 140 U. S. 1, 8, 9, 11 Sup. Ct. 699, 35 L. Ed. 363; Louisiana v. Jumel, 107 U. S. 711, 2 Sup. Ct. 128, 27 L. Ed. 448; Antoni v. Greenhow, 107 U. S. 769, 2 Sup. Ct. 91, 27 L. Ed. 468; Hagood v. Southern, 117 U. S. 52, 6 Sup. Ct. 608, 29 L. Ed. 805. The complainant cites especially Tindal v. Wesley, 167 U. S. 204, 17 Sup. Ct. 770, 42 L. Ed. 137; Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819; Davis v. Gray, 16 Wall. 203, 21 L. Ed. 447; Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. 699, 35 L. Ed. 363; Board of Liquidation v. McComb, 92 U. S. 531, 23 L. Ed. 623; Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535.

Having in mind the distinctions drawn in these cases between cases against state officers to enjoin or compel the performance of purely ministerial duties, suits to enjoin action under unconstitutional statutes, and suits which, though nominally against officers, are held to be, in substance, suits against the state, I am strongly inclined to the view that the present case is of the latter class.

Petition for a preliminary injunction denied.