CENTRAL CONSUMERS' CO. OF NEW JERSEY v. AUSTIN et al.

(District Court, N. D. Alabama, S. D. December 19, 1916.)

No. 296.

1. INJUNCTION ⟨⟩105(1)—SUBJECTS OF RELIEF—CRIMINAL PROCEEDING.
    The general rule that equity cannot enjoin criminal proceedings is subject to exceptions, where a party to a pending suit in equity institutes criminal proceedings to try the right in issue there, or where property rights are involved and equity interferes to protect them and prevent a multiplicity of suits.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 178; Dec. Dig. ⟨⟩105(1).]

2. COURTS ⟨⟩508(7)—ENJOINING CRIMINAL PROCEEDINGS.
    Under Rev. St. § 720, prohibiting federal courts from enjoining proceedings in the state court, except in aid of bankruptcy proceedings, and Const. Amend. 11, depriving the federal courts of jurisdiction in cases where a state is a defendant, a federal court of equity cannot enjoin criminal proceedings instituted by officers of the state, unless the officers are acting under a state statute which is invalid because in conflict with the federal Constitution, since, if the statute is valid, it is the state which is acting through its officer, and therefore an injunction will not issue to restrain a prosecution under a valid statute prohibiting the sale of intoxicating liquor for the sale of liquor claimed to be nonintoxicating,

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

though there may be a multiplicity of such proceedings and they indirectly affect property rights.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 1429; Dec. Dig. ☞508(7).]

**3. COURTS ☞366(27)—RULES OF DECISION—STATE DECISION—CRIMINAL STATUTES.**

The interpretation of the criminal statutes of the state is a matter within the exclusive jurisdiction of the state courts, and the federal courts follow the interpretation of the state court of last resort in such matters.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 957; Dec. Dig. ☞366(27).]

In Equity. Suit by the Central Consumers' Company of New Jersey against Conrad W. Austin and others. On motion for temporary injunction. Motion denied.

Emmet O'Neal and Forney Johnston, both of Birmingham, Ala., and R. B. Evins, of Greensboro, Ala., for plaintiff.

Hugo L. Black and S. D. Weakley, both of Birmingham, Ala., for defendants.

GRUBB, District Judge. The motion for a temporary injunction presents this question upon the threshold: Will a federal court enjoin criminal proceedings in a state court, instituted to enforce a valid state law, or a state officer from instituting such proceeding in a state court, even where the enforcement of the state law will indirectly affect property rights and in order to prevent a multiplicity of suits?

[1, 2] The general rule is that equity has no jurisdiction to enjoin criminal proceedings. It is concedly subject to exceptions. One is where a party to a suit already pending in equity institutes criminal proceedings to try the right in issue there. Another is where property rights are involved in the criminal proceedings, and a court of equity interferes to protect them and to prevent multiplicity of suits and penalties. These limitations apply to the jurisdiction of courts of equity generally. To the jurisdiction of federal courts of equity to restrain criminal proceedings in a state court of competent jurisdiction another limitation applies. Section 720, Revised Statutes, prohibits federal courts from enjoining proceedings in a state court, except in aid of bankruptcy proceedings, and the eleventh article of amendment to the federal Constitution deprives the federal courts of jurisdiction in cases where a state is a defendant.

As applied to federal courts of equity, the exception to the general rule that equity cannot enjoin criminal proceeding brought or to be brought in state courts is as follows: That where the proceedings are instituted to enforce an unconstitutional state statute, and property rights are involved in its enforcement, or to avoid a multiplicity of suits, or the recurrence of severe penalties, such an injunction will lie. As expressed in the case of Shawnee Mills v. Temple (C. C.) 179 Fed. 517, the rule is:

"A bill in equity, in which the writ of injunction can issue to enjoin the enforcement of a criminal or penal statute, is allowable only when: (1) Such

statute is unconstitutional or otherwise invalid; (2) in the attempt to enforce such invalid statute, rights of property are invaded and trampled on; or (3) the often repeated attempts to enforce such invalid statute creates a multiplicity of actions, which are of themselves oppressive."

The unconstitutionality of the state statute conditions each of the three requisites to jurisdiction. In the case of Wiseman v. Tanner (D. C.) 221 Fed. 694, the exception is thus expressed:

"The general rule that equity will not enjoin criminal proceedings is subject to an exception where property rights will be destroyed by criminal proceedings under an unconstitutional or invalid statute."

In the case of Nolen v. Riechman (D. C.) 225 Fed. 812, 817, the court, referring to the exception, said:

"It must be conceded that this doctrine is an exception to the general rule (In re Sawyer, 124 U. S. 200, 210, 8 Sup. Ct. 482, 31 L. Ed. 402); and yet the exception is so firmly established in the federal practice that no useful purpose would be served by pausing to trace its origin. The reason for the exception, where applicable, is the constitutional invalidity of the statute, and, consequently, the absence of lawful power to impose or enforce the particular exactions or restrictions which would result in irreparable loss to the complaining party. Philadelphia Co. v. Stimson, 223 U. S. 605, 621, 32 Sup. Ct. 340, 56 L. Ed. 570. The contention made here that the court is without jurisdiction to consider the statute overlooks the feature of plaintiff's case which challenges the constitutional validity of the statute."

In the case of Evansville Brewing Co. v. Excise Commission (D. C.) 225 Fed. 204, 205, the court said:

"There is an equally well settled exception to the general rule, viz. when the injunction is sought to restrain criminal prosecutions, which would result in the invasion of the rights of property through the enforcement of an unconstitutional law, to the irreparable injury of the plaintiff."

In the case of Lusk v. Dora (D. C.) 224 Fed. 650, the court said:

"The jurisdiction of a court of equity to restrain the enforcement of a municipal ordinance by criminal prosecutions, void because violative of the federal Constitution, because of its unreasonableness, is undoubted."

In the case of Arbuckle v. Blackburn, 113 Fed. 616, 625, 51 C. C. A. 122, 131 (65 L. R. A. 864), the Circuit Court of Appeals for the Sixth Circuit said:

"We are now dealing with an officer of a state proceeding under a valid law of the state, and whose error lies in wrongfully construing the statute so as to include the complainant's product. To entertain the bill in this aspect would be to subvert the administration of the criminal law, and deny the right of trial by jury, by substituting a court of equity to inquire into the commission of offenses where it would have no jurisdiction to punish the parties if found guilty. It would be the extension of equity jurisdiction to cases where prosecutions in state courts by the state officers are sought to be enjoined, with a view to determining whether they shall be allowed to proceed under valid statutes in the courts of law. We think this an enlargement of the jurisdiction opposed to reason and authority. It is claimed, however, that conceding that a court of equity cannot enjoin the prosecution of criminal offenses, as a general thing, the rule is different when property rights are involved; and we are cited to cases holding that equity has jurisdiction to enjoin acts likely to be destructive of property rights, although the acts complained of constitute infractions of the criminal law. This is quite a different proposition from enjoining criminal proceedings alleged to be indi-

rectly destructive of property rights. Many criminal prosecutions may affect the property of the person accused. A property may be greatly injured by the wrongful and unfounded charge that it is used for immoral purposes. Such prosecution may destroy its rental value and prevent its sale, yet a court of equity could not usurp the right of trial which both the state and the accused have in a common-law court before a jury. Every citizen must submit to such accusations, if lawfully made, looking to the vindication of an acquittal and such remedies as the law affords for the recovery of damages. It is often a great hardship to be wrongfully accused of crime, but it is one of the hardships which may result in the execution of the law, against which courts of equity are powerless to relieve."

In the case of Harkrader v. Wadley, 172 U. S. 148, 169, 19 Sup. Ct. 119, 127 (43 L. Ed. 399), the Supreme Court said:

"No case can be found where an injunction against a state officer has been upheld where it was conceded that such officer was proceeding under a valid state statute. In the present case the commonwealth's attorney, in the prosecution of an indictment found under a law admittedly valid, represented the state of Virginia, and the injunctions were therefore in substance * * * against the state. In proceeding by indictment to enforce a criminal statute the state can only act by officers or attorneys, and to enjoin the latter is to enjoin the state. As was said in Re Ayers, 123 U. S. 443, 497 [8 Sup. Ct. 164, 31 L. Ed. 216]: 'How else can the state be forbidden by judicial process to bring actions in its name, except by constraining the conduct of its officers, its attorneys and its agents? And if all such officers, attorneys, and agents are personally subjected to the process of the court, so as to forbid their acting in its behalf, how can it be said that the state itself is not subjected to the jurisdiction of the court as an actual and real defendant?' "

These cases show that, in federal courts of equity, the exception to the want of jurisdiction to enjoin criminal proceedings in state courts has the additional limitation that the criminal proceeding must have been instituted to enforce a state statute or municipal ordinance alleged to be in conflict with the federal Constitution and invalid. The reason for the additional limitation is manifest. If the state officers, sought to be enjoined, are proceeding under a valid statute of the state, they represent the state, and a suit to enjoin them is a suit against the state within the meaning of the Eleventh Amendment to the Constitution. On the other hand, if the proceedings are to enforce an unconstitutional statute or ordinance, the persons seeking to enforce it on behalf of the state are not considered as representing the state, but act as individual wrongdoers, and a suit to enjoin them is therefore held not to be a suit against the state.

This is the distinction between the holding in the cases of Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399, and of Arbuckle v. Blackburn, 113 Fed. 616, 51 C. C. A. 122, 65 C. C. A. 864, on the one hand, and Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764, and cases following it, on the other. In the former the law attempted to be enforced was admittedly a valid one. In the latter the law was assailed as contrary to the Fourteenth Amendment to the federal Constitution. In the case of Harkrader v. Wadley, 172 U. S. 169, 19 Sup. Ct. 127, 43 L. Ed. 399, the Supreme Court said that no case could be found "where an injunction against a state officer has been upheld, where it was conceded that such officer was proceeding under a valid state statute."

This is so because, if the officers sought to be enjoined were enforcing a valid state statute, they would, in so doing, represent the state, and a suit to enjoin them would be a suit against the state. No case has been cited to the court in which a federal court of equity has enjoined state officers from enforcing a valid state statute. The cases of Ar-buckle v. Blackburn and Harkrader v. Wadley hold expressly to the contrary, and the other federal cases cited, in expressing the exception to the rule as applicable to the federal courts, limit its application to cases of unconstitutional state statutes or void ordinances. The case of Truax v. Raich, 239 U. S. 33, 36 Sup. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, was such a case, and the Supreme Court, in stating the rule and exception, said:

"It is also settled that while a court of equity, generally speaking, has 'no jurisdiction over the prosecution, the punishment or the pardon of crimes or misdemeanors' (In re Sawyer, 124 U. S. 200, 210 [8 Sup. Ct. 482, 31 L. Ed. 402]) a distinction obtains, and equitable jurisdiction exists to restrain criminal prosecutions under unconstitutional enactments, when the prevention of such prosecutions is essential to the safeguarding of rights of property."

The case of Philadelphia Co. v. Stimson, 223 U. S. 605, 32 Sup. Ct. 340, 56 L. Ed. 570, was a suit to enjoin the Secretary of War from performing acts, under color of an act of Congress, but in excess of the authority conferred by it on him, and was not an attempt to enjoin the enforcement of a state statute or a municipal ordinance by state officers. The inhibition of the Eleventh Amendment and of section 720, Revised Statutes, had therefore no application to the facts of that case.

[3] In this case, for the purposes of this motion, it is conceded that the state law was valid. The complaint is that the state solicitor was wrongfully construing it to apply to a nonalcoholic beverage. The solicitor was the law officer of the state, and in enforcing a valid law of the state represented the state, and a suit to enjoin him from so doing is a suit against the state. This is none the less true because he is charged with having misconstrued the valid statute. Arbuckle v. Blackburn, supra. The interpretation of the criminal statutes of the state are matters within the exclusive jurisdiction of the courts of the state, having criminal jurisdiction, original and appellate; certainly so far as it concerns the jurisdiction of federal equity courts. The federal courts follow the interpretation of the state court of last resort in such matters.

If federal courts of equity could interfere with state courts of competent criminal jurisdiction, in their exercise of such jurisdiction, or prevent the law officers of the state from enforcing its criminal laws, because of anticipated errors of law in the administration of such laws, it is clear that they could equally interfere therewith, or prevent such officers from performing their duties to the state, because of anticipated mistakes in decisions of fact. The contention in this case is that the statute does not cover nonalcoholic beverages, and that ambrosia is indisputably a nonalcoholic beverage, but that the state authorities will construe the law to include it. The state does not concede that ambrosia is a nonalcoholic beverage, and asserts that the law applies to it,

if it is. The prosecution to be instituted under the law may therefore present both questions of law and of fact. If the statute is conceded to be valid, a federal court of equity has no more right to interfere with the enforcement of the state's criminal laws by its law officers through its courts, because of anticipated errors in the construction of the statute by the judge, than it would have to interfere because of anticipated errors in the decision of facts by a jury.

Such a ground of federal equitable interference with the enforcement of the criminal laws of a state would not be contended for. An interference because of either ground would be an invasion of the jurisdiction of a court of competent and concurrent, if not exclusive, jurisdiction. Nor can it be assumed that the state courts will commit error in either respect. The presumption is to the contrary. If the construction given the statute by the law officer of the state is erroneous, it will be presumed that the state courts will not follow it. Indeed, the correctness of the construction depends entirely upon the decision of the state court of last resort.

It is to be presumed that the plaintiff can make good any meritorious defense, either of law or fact, by presenting it in the state court. Mere apprehension that it may be otherwise confers no jurisdiction on the federal courts. If it did, the federal equity courts would draw to themselves full jurisdiction of the enforcement of the criminal laws of the state in all cases, and exercise supervisory jurisdiction over the state courts in criminal matters. No such principle obtains. It is only when state law officers cease to be such, because acting under unconstitutional state enactments, that federal courts have power to restrain their acts, done under color of office, but not by authority of it.

For these reasons, the motion for a temporary injunction, as prayed for, is denied, at the costs of the plaintiff.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes