NELSON v. CAMP et al.

(Circuit Court of Appeals, Fifth Circuit. November 3, 1911.)

No. 2,279.

1. COURTS (§ 508*)—CONFLICTING JURISDICTION—FEDERAL AND STATE COURTS —RESTRAINING PROCEEDINGS IN STATE COURT.

Complainant commenced a suit in a federal court to foreclose a lien on the wood and stumps on certain lands, given by a contract for the sale to defendants of such wood and stumps to secure payment of the purchase price. Pending such suit and before answer therein, complainant brought an action at law by attachment in a state court for breach of another contract for the sale to defendants of the timber on some of the same lands. Defendants appeared in such action and pleaded a counterclaim, and afterward by cross-bill set up the same claims in the suit in the federal court. *Held*, that the two causes of action being separate and distinct, and the issues in the state court such as it could try and dispose of without interfering with the suit in the federal court, the latter was without jurisdiction to enjoin the further prosecution of the action

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the state court under Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), which prohibits the granting of such an injunction except under a bankruptcy law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

2. COURTS (§ 508*)—CONFLICTING JURISDICTION—FEDERAL AND STATE COURTS —RESTRAINING PROCEEDINGS IN STATE COURT.

Rev. St. § 720 (U. S. Comp. St. 1901. p. 581), which provides that an injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases relating to proceedings in bankruptcy, applies in all cases where a question of right or claim to relief can be settled or decided in a state court without interfering with the possession or jurisdiction of a federal court previously acquired.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec. Dig. § 508.*

Conflict of jurisdiction of federal courts with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

Suit in equity by Rollin J. Nelson against R. J. Camp and B. F. Camp. Complainant appeals from a decree granting an injunction. Reversed.

Edgar Watkins, C. J. Haden, and W. Carroll Latimer, for appellant.

Du Pont Guerry, for appellees.

Before PARDEE and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is an appeal from a decree of the United States Circuit Court for the Southern District of Georgia, enjoining the appellant from prosecuting a suit against the appellees in the superior court of Fulton county, Ga.

[1] The general question to be decided is whether or not the case is one in which it is proper for a federal court to enjoin the prosecution of a suit in a state court.

The solution of the question necessarily depends on the facts shown by the record; that is, the character and purpose of the litigation in both courts, when and how and by whom and for what purpose the jurisdiction of each court was invoked.

For brevity, the court below will be referred to as the "federal court," and the county court of Fulton county as the "state court."

(a) On June 5, 1910, Nelson, the appellant here, filed his bill in equity in the federal court against R. J. Camp and B. F. Camp, the appellees here. The purpose of the bill was to enforce and foreclose a lien on the "wood and stump" on certain lands described in the contract which created the lien. This contract was dated December 30, 1903, but was not, in fact, executed till March 18, 1904. It was a contract between Tilden R. Wakely and the Camps, but was duly

assigned by Wakely to Nelson. By the agreement, Wakely "sold" to the Camps the "stumps out of and in the ground" on 102,777 acres for 8 cents per acre. The lessee or purchaser was to pay $800 in cash, and the remainder was to be paid in annual installments, the last being due in five years, and each deferred payment was to bear interest from date. The contract provided that, as to all deferred payments, Wakely should have a lien on the "wood and stump privileges hereby conveyed." The main purpose of the bill is to enforce this lien; it being alleged that much more than $2,000 of the deferred payments were due and unpaid when the bill was filed. The bill contains a prayer for an accounting, for foreclosure of the lien, and for a deficiency decree in case the foreclosure sale does not pay in full the amount found to be due. In short, this is a suit by Nelson, as the assignee of Wakely, to collect the amount alleged to be due from the Camps on this contract by enforcing the lien retained in the contract. The Camps entered an appearance in this cause and filed a demurrer, which was subsequently withdrawn. To state the facts chronologically, it is necessary to refer to the action in the state court at this point before considering this suit further.

(b) On October 12, 1910, Nelson began a suit at law in the state court against the Camps for $10,082.17. This suit was begun by the issuance and levy of an attachment. Nelson's declaration filed after levy of the attachment shows an action to recover an alleged indebtedness of $7,310.34, principal, and $2,771.83, interest, amounts claimed to be due on a contract dated February 24, 1899. The contract which is the basis of this action at law is one between Nelson and the Camps, by which the former sold the latter certain sawmill timber growing on 35,770 acres. This land is included in the land upon which the "wood and stumps" were situated, which was embraced in the subsequent contract of March 18, 1904. The contract sued on in this action at law in the state court gave no lien. The Camps, as defendants in the action in the state court, appeared and filed their answer, denying generally several paragraphs of the declaration and setting up by way of defense a set-off or cross-action. This cross-claim is, in brief, that the Camps were sued for some of the lands embraced in "both leases," and that it was agreed between them and Nelson that they were to defend the suits and that Nelson was to pay one-half the costs and fees of making the defense, and that, on that account, they paid out $16,580.27, half of which, $8,290.13, Nelson should be required to pay them. They also claimed of Nelson $6,-067.18 because of the failure of Nelson's title as to part of the land embraced in the leases. The answer concluded by denying all indebtedness and alleging that Nelson was, in fact, indebted to them (the Camps) "in the sum of $9,784.17." Nelson filed a demurrer to this answer. With the record in the state court left in that condition, we must note what subsequently occurred in the federal court.

(c) On January 25, 1911, more than three months after Nelson had brought his attachment suit in the state court, and after the answer and cross-suit of the Camps had been filed in the state court, the latter obtained leave to withdraw their demurrer to the original

bill in the federal court, and filed their answer therein; and at the same time they filed their cross-bill. The cross-bill sets up the same claims they had previously asserted in the cross-action in the state court. Other defenses are set up which it is not material to state. The main purpose of the Camps' cross-bill is to assert the claims which we have described as having been asserted by them as set-off in the cross-action in the state court. The cross-complainants pray for orders restraining and enjoining Nelson from prosecuting his suit in the state court. The court below granted a temporary restraining order on the day the cross-bill was filed—January 25, 1911—and on July 26, 1911, a decree was rendered granting an injunction pendente lite as prayed for; that is, Nelson is enjoined from prosecuting his attachment suit in the state court against the Camps.

From that decree this appeal is taken, and the decree is assigned as error.

The statutory provision is that:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." Rev. Stat. U. S. § 720 (U. S. Comp. St. 1901, p. 581).

The litigation here does not relate to any matter in bankruptcy. It follows that, prima facie, there is no authority to enjoin the proceedings in the state court. But the appellees contend that this statute is not controlling, and that it has no application in cases where the injunctive process is invoked to protect the federal court's own jurisdiction. This is true. The federal court may restrain all proceedings in a state court which would have the effect of defeating or impairing its jurisdiction, its jurisdiction having first attached. The writ of injunction may be used to prevent parties from interfering by the use of the process of state courts with property in the possession of the federal court. There are numerous decisions showing that in such cases the statute has no application to limit the court's power to issue an injunction. 4 Fed. Stats. Ann. p. 509 et seq. But we find nothing in this case to take it from under the prohibitory provisions of the statute. Nelson had two claims under separate contracts against the Camps; one for a sum secured by a lien. He filed his bill in equity to enforce the lien and for an accounting. He also had a claim arising from the breach of the other contract. He sued to collect this sum in a state court of competent jurisdiction. The defendants in that suit, by way of set-off or cross-action, set up claims against Nelson growing out of agreements relating to both leases— the one sued on in the federal court and the one sued on at law in the state court. The jurisdiction of the state court was first invoked to pass on the offsets and cross-claim. There appears to be no sufficient reason why the state court is not competent to try the issues joined in that court. They can be tried without in any way interfering with the jurisdiction of the federal court. The fact that the two contracts relate in part to the same real estate does not justify the injunction at the suit of the Camps on account of a claim first asserted by them in the state court. Nor does the fact that they

make,. in part, the same defense to both suits, affect the case. Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Watson v. Jones, 13 Wall. 679, 716, 20 L. Ed. 666. In Oliver v. Parlin & Orendorff Company, 105 Fed. 272, 45 C. C. A. 200, Pardee, Circuit Judge, speaking for this court, said:

"An examination of the cases * * * will show that in every well-considered case, when an injunction restraining already instituted proceedings in a state court has been issued by a United States court, it was either based on a decree or judgment of the United States court which it was necessary and proper to enforce; or, if issued prior to judgment or decree, it was directed against a party who, after jurisdiction over him and the cause was fully vested, had resorted to proceedings in the state court necessarily conflicting with, if not ousting, the jurisdiction of the United States court."

[2] We find nothing in the letter or the spirit of the controlling decisions construing this statute that prohibits a party from having a question of right or claim to relief settled and decided in a state court if it can be there determined without meddling with the possession or jurisdiction of the federal court. Nelson's suit at law in the state court for the breach of one contract cannot interfere with the jurisdiction or possession of the federal court in a suit to enforce a lien based on another contract, even if it be conceded that the lien sought to be enforced covers real estate on which an attachment has been levied in the suit at law. The levy of the attachment was a mode of giving the state court jurisdiction—a mode of beginning the suit. George v. Tennessee Coal, Iron & R. R. Co. (C. C.) 184 Fed. 951. The issues in that case may be tried without in any way interfering with the proceedings in the federal court. If a judgment should be obtained in the state court and an effort made or threatened to oust a prior possession or jurisdiction of the federal court, then the statute (section 720), as construed, would not forbid an injunction. But the record presents no such case. There is nothing to indicate an intention to use the proceedings in the state court to interfere in any way with the jurisdiction of the federal court, nor can we see how a trial of the issues made in the suit at law in the state court can possibly result in defeating or impairing in any way the jurisdiction of the federal court in the equity suit.

We are of the opinion that the injunction was improvidently issued, and that it should be dissolved.

The decree is reversed.