## EX PARTE CROUCH.

### ORIGINAL.

Submitted October 14, 1884.—Decided November 10, 1884.

The writ of habeas corpus from this court cannot be used to correct or prevent possible future errors, in violation of the Constitution of the United States, by a State court in a cause pending in that court in which the parties and the subject matter are within its jurisdiction.

This was a motion for leave to file a petition for a writ of habeas corpus. The grounds for the motion are stated in the opinion of the court.

*Mr. William L. Royall* for the motion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This petition is denied. The general revenue law of Virginia provides that no person shall do business in the State as a " sample merchant " until he has obtained a license therefor, on payment of a tax of seventy-five dollars; and that, if he does, he shall pay a fine of five hundred dollars for the first offence, and six hundred dollars for each succeeding offence. Acts of Virginia, 1884, ch. 445, §§ 30, 31, pp. 578, 579. The petitioner has been informed against, and is now held in custody for trial by order of the Hustings Court of the City of Richmond, for a violation of this law. According to the statements in the petition presented to us, the defence of the petitioner, upon the trial of that case, will be a tender by him, before commencing business, to the proper revenue officer of the State, of the amount of the required license tax, in coupons cut from State bonds, which the State when it issued the bonds agreed should be receivable in payment of all State dues; and a refusal of the officer to accept the tender and give a proper certificate therefor, because by a statute, enacted after the issue of the bonds, the tax-receiving officers were prohibited from taking the coupons for this tax. The right of the petitioner to a writ of habeas corpus from this court is put in the petition on the ground that the petitioner is detained in custody by the State court, in violation of the Constitution of the United States, because the statute which prohibits the officer from accepting the coupons impairs the obligation of the contract of the State to receive them, and is, on that account, inoperative and void, by reason of the provision of the Constitution which precludes the States from passing such laws.

It is not claimed that the law which imposes the tax and fixes the penalty for doing business without its payment is unconstitutional. Neither is it pretended that the Hustings Court

has not plenary jurisdiction for the trial of persons charged with a violation of the law. The petitioner is, therefore, in the custody of a State court of competent jurisdiction, and held for trial upon an information for violating a criminal statute of the State. He seeks to be discharged by habeas corpus, not because, if guilty of the charge which has been made against him, the court is without jurisdiction to hold him for trial, and to convict and sentence him, but because, as he alleges, he has· a valid defence to the charge, which grows out of a provision in the Constitution of the United States, and, for this reason, he insists he is detained in violation of the Constitution. It is elementary learning that, if a prisoner is in the custody of a State court of competent jurisdiction, not illegally asserted, he cannot be taken from that jurisdiction and discharged on habeas corpus issued by a court of the United States, simply because he is not guilty of the offence for which he is held. All questions which may arise in the orderly course of the proceeding against him are to be determined by the court to whose jurisdiction he has been subjected, and no other court is authorized to interfere to prevent it. Here the right of the prisoner to a discharge depends alone on the sufficiency of his defence to the information under which he is held. Whether his defence is sufficient or not is for the court which tries him to determine. If in this determination errors are committed, they can only be corrected in an appropriate form of proceeding for that purpose. The office of a writ of habeas corpus is neither to correct such errors, nor to take the prisoner away from the court which holds him for trial, for fear, if he remains, they may be committed. Authorities to this effect in our own reports are numerous. *Ex parte Watkins*, 3 Pet. 202; *Ex parte Lange*, 18 Wall. 163, 166; *Ex parte Parks*, 92 U. S. 18, 23; *Ex parte Siebold*, 100 U.S. 371, 374; *Ex parte Virginia*, Id. 339, 343; *Ex parte Rowland*, 104 U. S. 604, 612; *Ex parte Curtis*, 106 U. S. 371, 375; *Ex parte Yarbrough*, 110 U. S. 651, 653. Of course, what is here said has no application to writs of *habeas corpus cum causa*, issued by the courts of the United States, in aid of their jurisdiction, upon the removal of suits or prosecutions from State courts for trial under the authority of an act of Congress.

*Denied.*