WOREN v. WITHERBEE, SHERMAN & CO.

KUZMAN v. SAME.

(District Court, N. D. New York. March 28, 1917.)

COURTS ⊜⟹506—COMITY—STATE AND FEDERAL COURTS—CONCURRENT JURISDIC-
TION—ACTION FOR DAMAGES.

 Where the state and federal courts have concurrent jurisdiction over
a cause of action for damages for negligence, wherein no specific property
is seized or made the subject of the litigation, the prosecution of an action
in the federal courts will not be stayed until the determination of an
action for the same relief previously begun in the state courts, since to
grant such relief would be for the federal courts to refuse to exercise
their jurisdiction.

 At Law. Separate actions by Joseph Woren and by Branislaw
Kuzman against Witherbee, Sherman & Co. On motions by the de-
fendants to stay the further prosecution of the actions until the trial
and determination of actions by the same plaintiffs, respectively, against
the same defendants, for the same cause, pending in the state court.
Motions denied.

 Motions by defendants, respectively, to stay the further prosecu-
tion of these suits in this court until the trial and determination of
suits by the same plaintiffs, respectively, against the same defendants,
respectively, for the same cause, respectively, now pending in the
Supreme Court of the State of New York, Essex County, and which
suits in the state court were brought prior to the bringing of these
actions in the federal court.

 Stokes & Owen, of Port Henry, N. Y. (H. E. Owen, of Port Henry,
N. Y., of counsel), for the motion.

 Grant & Wager, of Utica, N. Y., opposed.

 RAY, District Judge. It would seem to be the law that a person
having a cause of action, or claiming to have a cause of action, against
a defendant, may bring suit thereon in the state court, proper county,
and also in the United States District Court, proper district. The
*pendency* of the one suit in the one court is not a bar to the suit in
the other or to its prosecution. This assumes, of course, that for pur-
poses of jurisdiction in the United States court there is the necessary
diversity of citizenship and amount in controversy. Here it is con-
ceded that in each suit more than $3,000, exclusive of interest and
costs, is involved and in dispute, and that there is the necessary di-
versity of citizenship. No property has been seized or taken posses-
sion of by either court in either action. Each action is to recover
damages for alleged negligence of the defendant. Each of the above-
named plaintiffs brought his action in the state court, and thereafter
without trial in the state court, and without discontinuing his suit in
that court, brought action for the same cause in the United States Dis-
trict Court, Northern District of New York.

 In each case the defendant asserts that it should not be harassed by
the pendency of the case in the state court and also the pendency of

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the case on the same cause of action in the United States court, and that the plaintiff, he having first sued in the state court, should either discontinue in the state court or be enjoined by the United States District Court from further prosecuting the case in such District Court until a trial, determination, and judgment in the state court. But both courts have jurisdiction of this cause. If the federal court enjoins the plaintiff in its court from proceeding further, it is refusing to exercise its own power and jurisdiction and in effect surrendering it to the state court. This the federal court cannot do, unless there is property or property rights involved, which is the subject of the litigation and the custody of which is in the state court. As I understand the rule, when there is a res and the one court having jurisdiction has taken possession (in effect) of that res, and is proceeding to hear the case and adjudicate regarding it, the other court of concurrent jurisdiction will not exercise its jurisdiction regarding or over that subject-matter as to the same questions. This proceeds on the doctrine of comity, and not because of want of jurisdiction in the first instance. Thus in Rickly Land & Cattle Co. v. Miller & Lux, 218 U. S. 258, 262, 31 Sup. Ct. 11, 13 (54 L. Ed. 1032), the court held:

"Where riparian rights of several parcels of land in different states, but on the same river, are involved, the courts of both states have concurrent jurisdiction, and the court first seized should proceed to determination without interference."

In the opinion the court said:

"We are of opinion, therefore, that there was concurrent jurisdiction in the two courts, and that the substantive issues in the Nevada and California suits were so far the same that the court first seized should proceed to the determination without interference, on the principles now well settled as between the courts of the United States and of the states. Prout v. Starr, 188 U. S. 537, 544 [23 Sup. Ct. 398, 47 L. Ed. 584]; Ex parte Young, 209 U. S. 123, 161, 162 [28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann.. Cas. 764]."

In Harkrader v. Wadley, 172 U. S. 148, 164, 19 Sup. Ct. 119, 125 (43 L. Ed. 399), the court held:

"When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases."

This is also expressly stated in the opinion in the case, citing Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; Ex parte Crouch, 112 U. S. 178, 5 Sup. Ct. 96, 28 L. Ed. 690.

If this broad statement applies in cases where an action has been commenced first in the state court in an action to recover damages for negligence, and later in the United States District Court by the same plaintiff against the same defendant on the same precise cause of action, and no property has been attached, then the United States District Court must suspend all action until the parties have in some manner disposed of the case pending in the state court. If this be the law, then in a case to recover a judgment for damages for negligence the pendency of a former action for the same cause between

the same parties in the state court is, in effect, a bar to the further prosecution of a suit between the same parties on the same cause of action subsequently brought in the United States court, no property having been attached or seized.

But I do not so understand the case or rule intended to be stated. In Palmer v. Texas, 212 U. S. 118, 125, 29 Sup. Ct. 230, 232 (53 L. Ed. 435), the court said:

"If the state court had acquired jurisdiction over *the property* by the proceedings for the appointment of its receiver, and had not lost the same by the subsequent proceedings, then, upon well-settled principles, often recognized and enforced in this court, there should be no interference with the action of the state court while thus exercising its authorized jurisdiction. The federal and state courts exercise jurisdiction within the same territory, derived from and controlled by separate and distinct authority, and are therefore required, upon every principle of justice and propriety, to respect the jurisdiction once acquired *over property* by a court of the other sovereignty. If a court of competent jurisdiction, federal or state, has taken possession *of property*, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty. Wabash Railroad v. Adelbert College, 208 U. S. 38, and previous cases in this court cited therein at page 54 [28 Sup. Ct. 182, 187, 52 L. Ed. 379]."

In this Wabash Railroad Case the court held that:

"The taking possession by a court of competent jurisdiction *of property* through its officers withdraws *that property* from the jurisdiction of all other courts, and the latter, though of concurrent jurisdiction, cannot disturb that possession, during the continuance whereof the court originally acquiring jurisdiction is competent to hear and determine all questions respecting the *title, possession, and control of the property.*" (Italics mine.)

In McClellan v. Carland, 217 U. S. 268, 282, 30 Sup. Ct. 501, 505 (54 L. Ed. 762), it was expressly held that *the pendency* of a suit in the state court is no bar to proceedings concerning the same matter in a federal court having jurisdiction thereover. In the opinion the court said:

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction, for both the state and federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case."

In the last-cited case the federal court stayed proceedings in its own court in an action where it had jurisdiction in order that a suit involving the same matter might be brought in the state court and there determined. This, it was held, it could not do. The court said:

"So far as the record presented to the Circuit Court of Appeals shows, the only ground upon which the Circuit Court acted in postponing the suit was because the state of South Dakota, which had applied to be made a party, and which application was denied, was about to begin a suit in the state court to determine an escheat of the estate of John C. McClellan, therefore the action was stayed, first, until the beginning of such suit, and then until it was determined. It therefore appeared upon the record presented to the Circuit Court of Appeals that the Circuit Court had practically abandoned its jurisdiction over a case of which it had cognizance, and turned the matter over for adjudication to the state court. This, it has been steadily held, a

federal court may not do. Chicot County v. Sherwood, 148 U. S. 529, 534 [13 Sup. Ct. 695, 37 L. Ed. 546]."

In this last case, 148 U. S. 534, 13 Sup. Ct. 697, 37 L. Ed. 546, it is said:

"But the courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction. Suydam v. Broadnax, 14 Pet. 67 [10 L. Ed. 357]; Union Bank v. Jolly's Administrators, 18 How. 503 [15 L. Ed. 472]."

In the instant case no property is held, or in question, of which either court is seized. It is a cause of action to recover damages, and nothing more. True, an action on this cause of action (each case) was first brought in the state court and is still pending, and the exercise of its powers and jurisdiction invoked. But this was no bar to the bringing, and is no bar to the prosecution, of a suit in the federal court thereafter brought on the same cause of action and between the same parties (McClellan v. Carland, supra), and is no bar to the prosecution of the suit in the federal court. If this court now enjoins the plaintiff in each suit, respectively, from proceeding further in the federal court until final action in the state court, such action on its part is a practical abandonment of its own jurisdiction in favor of the state court for the time being, and a refusal to exercise its jurisdiction and powers in the premises until that time. To proceed with the cause is not an interference with the state court or any property in its custody regarding which it is proceeding to adjudicate. The conclusion reached is sustained also by the decision in Defiance Water Co. v. City of Defiance (C. C.) 100 Fed. 178. At page 179 the court said:

"On the other hand, the rule is well settled that, where there is a mere controversy between the parties without the possession by the court of any property taken under its control for the purposes of the suit, the pendency of a suit in the state court involving the same subject-matter is no bar to the prosecution of a suit in a federal court. See Ball v. Tompkins (C. C.) 41 Fed. 486, where the distinctions are pointed out; Morris v. Lindauer, 6 U. S. App. 510, 54 Fed. 23, 4 C. C. A. 162; Rothschild v. Hasbrouck (C. C.) 65 Fed. 283. It follows that the complainant in this case has the right to proceed with the suit in this court, and the court is bound to entertain such suit in the ordinary course. While this court will not go out of the ordinary course of procedure for the purpose of expediting the case, so as to anticipate a judgment of the state court, it has no authority to hinder the plaintiff in bringing the case forward to judgment for the purpose of favoring proceedings in any other jurisdiction."

I think it would be fatal error to grant these motions. For the convenience of witnesses these actions ought to be tried in Essex county, where the alleged causes of action arose, but no term of this court is held in that county. I know of no authority for staying proceedings in this court, even temporarily, for that reason. There is no way to compel the plaintiffs in the suits pending in the state court to proceed there. The defendants can move the cases in the state court, and, if not prosecuted by the plaintiff, take a dismissal with costs. Should this court grant these motions and should the plaintiffs in the suits in the state court either consent to or allow a dismissal, such dismissals would not be on the merits or a bar to the prosecution of these suits

in the federal court, and the defendants would be in no better position than they now occupy. The plaintiff in each suit may elect in which court he will proceed to trial and submit to a dismissal in the other. Of course, when a case in the one court of concurrent jurisdiction has proceeded to judgment, and perhaps to trial and decision by court or jury before judgment, such judgment or determination may be pleaded as a bar to the further prosecution of a suit for the same cause between the same parties in the other court.

My conclusions are, there being no statute conferring power, that when a person brings suit against a defendant in the state court to recover damages for negligence, and no specific property is seized or made the subject of the litigation, and the same plaintiff thereafter sues the same defendant on the same alleged cause of action in the federal court (there being the necessary diversity of citizenship and amount in controversy), the federal court is without power to stay the prosecution of the suit in its court until the determination or dismissal of the suit brought in the state court. The federal court in such a case cannot refuse to exercise its jurisdiction and power, but is bound to proceed to judgment and afford appropriate redress. The pendency of the suit in the one court in such a case is no bar to the prosecution of the suit in the other court of concurrent jurisdiction.

The motions must be denied.