DOOLITTLE v. MUTUAL LIFE INS. CO. OF NEW YORK et al.

(District Court, N. D. New York. March 11, 1918.)

BANKRUPTCY ⟨⇒⟩105(1)—COURTS—JURISDICTION.

A voluntary bankrupt, who failed to schedule life policies which had a cash surrender value, and concealed their existence from his trustee, was discharged. The estate was not closed, nor was the trustee discharged as such, and the bankrupt having died, his executor, who sued on the policies in the state court, joined the trustee, as well as the receiver of the bankrupt's property, appointed by the state court in proceedings supplementary to execution. Thereupon the trustee began an action on the policies in the federal court, joining the executor and receiver. *Held* that, as the action was not one falling within Bankruptcy Act July 1, 1898, c. 541, § 11, 30 Stat. 549 (Comp. St. 1916, § 9595), but was one over which both the state and bankruptcy courts had concurrent jurisdiction, the latter court

will not stay further prosecution of the action in the state court, and neither tribunal having assumed such control over the proceeds of the policies as to oust the jurisdiction of the other, the judgment in the case first tried will control.

In Bankruptcy. Action by Julius T. A. Doolittle, as trustee in bankruptcy of George A. Reynolds, against the Mutual Life Insurance Company of New York, Richard S. Reynolds, as executor of the last will and testament of George A. Reynolds, deceased, and another. On application for an order staying defendants from further prosecuting an action in the state court. Application denied.

F. M. Calder, of Utica, N. Y., for plaintiff.

Lee & Dowling, of Utica, N. Y., for defendant executor.

Frederick L. Allen, of New York City, for defendant Mutual Life Ins. Co. of New York.

Julius Tumposky, as receiver, pro se.

RAY, District Judge. March 23, 1871, George A. Reynolds, of Utica, N. Y., now deceased, insured his life in the Mutual Life Insurance Company of New York in the sum of $10,000, and March 22, 1873, he further insured his life in the same company in the further sum of $10,000. Both policies were kept good down to the time of the death of said George A. Reynolds, which occurred September 30, 1916. He left a last will and testament, and which has been duly probated, and said Richard S. Reynolds is the executor thereof duly appointed.

August 23, 1893, Richard S. Reynolds, now executor of George A. Reynolds, recovered a judgment in the Supreme Court of the state of New York, duly entered and docketed, against said George A. Reynolds, for the sum of $20,257.14, and less payments there is now unpaid thereon (if valid and existing) the sum of upwards of $2,000. Execution thereon was issued and returned unsatisfied, and proceedings supplementary to execution were duly instituted, and September 5, 1893, one David C. Stoddard was duly appointed receiver of the estate and property of said George A. Reynolds by the state court. Thereafter, and in 1907, said Stoddard died, and since the death of said Reynolds, and July 30, 1917, one Julius Tumposky was appointed receiver in such supplementary proceedings in place of said Stoddard, deceased.

August 2, 1898, said George A. Reynolds filed his voluntary petition in bankruptcy in the United States District Court, Northern District of New York, and he was duly adjudicated a bankrupt, and Julius T. A. Doolittle was duly appointed trustee in bankruptcy of the estate of said George A. Reynolds, and duly qualified as such. He has never closed the estate nor been discharged as such. In his schedules said George A. Reynolds made no mention of said insurance policies on his life, which then had a cash surrender value of about $3,632, and he concealed their existence from his trustee in bankruptcy. The premiums were paid down to the time of the death of Reynolds, and the policies kept alive. About December 6, 1898, on his petition duly filed and due notice given, said bankruptcy court made

an order duly discharging said George A. Reynolds from all his provable debts. Prior to the death of said Stoddard the judgment in favor of said Richard S. Reynolds and all other judgments against said George A. Reynolds were canceled of record. It is claimed they were not paid.

Richard S. Reynolds, as executor of said George A. Reynolds, soon after his appointment, brought suit on said policies of insurance in the state court, and said Doolittle, as trustee in bankruptcy, and said Tumposky, as receiver appointed by the state court in such supplementary proceedings, have been made parties defendant therein. After the commencement of that action in the state court the said Julius T. A. Doolittle, as trustee in bankruptcy of George S. Reynolds, brought suit against said insurance company, said Tumposky, as receiver, and said Richard S. Reynolds, as executor, etc., of said George A. Reynolds, in the United States District Court of the Northern District of New York. In the suit brought by Richard S. Reynolds, as executor, he seeks to recover the amount of such insurance policies, but alleges the claims made by the other parties; while in the suit brought by Doolittle as trustee on the policies he alleges his interest therein to the extent of the surrender value, and claims that the receiver appointed by the state court has no interest in the policies, while said receiver claims that he is entitled to such cash surrender value, if any, by virtue of his appointment, etc., as receiver, under such judgment or judgments obtained more than four months prior to the bankruptcy.

The Insurance Company does not deny the validity of the policies, or that there was a surrender value as alleged, but raises some question as to the amount due. It is indifferent otherwise as between the parties, or as to the court in which the controversy is determined, but desires a judgment which will settle the controversy and protect it. It cannot be doubted that both courts have jurisdiction over the subject-matter and the parties; that is, concurrent jurisdiction exists. Each court has full and complete jurisdiction and power to settle the entire controversy. In effect the plaintiff in this action invokes the alleged power of this court to compel a trial and adjudication of the matter in the federal court to the exclusion of the state court. This is not the adjudication of a claim provable in bankruptcy, or an application to stay a suit commenced prior to bankruptcy in the state court to establish a claim against the bankrupt, and the injunction order prayed for is not authorized by section 11 of the Bankruptcy Act.

It has been decided by the Supreme Court that, where actions between the same parties for the same cause are pending both in the federal court and the state court, and no property has been seized by either which is the subject of the litigation, the federal court cannot rightfully stay the prosecution, trial, and determination of the case pending in its court to await the trial and determination of the case pending in the state court, as this, in effect, would be to subordinate and surrender its jurisdiction to the state court, and, in effect, a refusal to exercise its own powers and jurisdiction. See Rickley Land & Cattle Co. v. Miller & Lux, 218 U. S. 258, 262, 31 Sup. Ct. 11, 13, 54 L.

Ed. 1032; Harkrader v. Wadley, 172 U. S. 148, 164, 19 Sup. Ct. 119, 125, 43 L. Ed. 399; Palmer v. Texas, 212 U. S. 118, 125, 29 Sup. Ct. 230, 232, 53 L. Ed. 435. See, also, Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; Ex parte Crouch, 112 U. S. 178, 5 Sup. Ct. 96, 28 L. Ed. 690.

This being so, by what right can the federal court, except as authorized by some statute, prevent the state court from proceeding and exercising its jurisdiction by staying the parties in the state court from proceeding there? To enjoin the parties from proceeding in the state court would be, in effect, to prevent the state court from exercising its jurisdiction. Here we have $20,000 in the hands of the insurance company, which it is ready and willing to pay to the party or parties entitled thereto, when the rights of the respective claimants are determined. The executor of the insured claims and sues for it in the state court, and all parties claiming an interest are made parties, and can set up their rights and have them determined in that suit. The state court is rightfully proceeding to adjudicate the rights of the parties in and to that fund. The plaintiff here has invoked the jurisdiction of the federal court, which he has the right to do, and this court can proceed to adjudication of the rights of the parties, unless it be held that the money due on the policies is a fund now, in effect, within the control of the state court, and that such court is proceeding to adjudicate concerning it. It is not clear that such is not the status of affairs. The $20,000 is not actually in court, but the insurance company concedes it belongs to some one or all of the other parties, and the rights of those parties in that money is the sole subject of controversy and litigation.

But, irrespective of this, I am of the opinion that the federal court has no power to stay the parties or the plaintiff from proceeding with the case pending in the state court, as that in effect would be for the federal court to stay proceedings in the state court, which, in such a case as this, it cannot do. Clearly the federal court does not have possession of the fund, and has not had it, and has made no decree concerning it. There is a class of cases where the federal court may, in aid of its own jurisdiction and to render its decree theretofore pronounced effectual, restrain all proceedings in a state court which would have the effect of defeating or impairing its jurisdiction. Julian v. Central Trust Co., 193 U. S. 93, 112, 24 Sup. Ct. 399, 48 L. Ed. 629, and cases there cited.

But this does not justify the federal court in staying proceedings in a state court for the purpose of drawing to itself exclusive jurisdiction over a matter so that it may make a decree concerning it, at least, not unless it has the property or subject-matter of the litigation in its custody or possession and is duly proceeding to adjudicate concerning it. This subject is quite fully considered in 17 Standard Encyclopedia of Procedure, 812, etc. In Woren v. Witherbee Sherman & Co., 240 Fed. 1013, this court was requested to enjoin the parties from proceeding further in this court until a suit first brought and pending in the state court between the same parties for the same cause (to re-

cover damages for alleged negligence) was tried and determined. This court held it had no power to do this, as it would be a refusal to exercise its jurisdiction and powers which the plaintiff had the right to invoke, notwithstanding he had first brought suit against the same defendant on the same cause of action in the state court.

It is claimed that, as questions arise under the bankruptcy law, the federal court should assume jurisdiction; but the state court is competent, and has power to determine those questions. Questions arise under the state laws, also, and with equal force it may be argued that the state court should therefore retain and exercise its jurisdiction. I am convinced this court cannot restrain or enjoin the plaintiff in the state court from proceeding in that action. Neither can the state court enjoin the plaintiff in this action in the federal court from proceeding therewith. The judgment in the case first tried will determine the questions involved. The one court, under the circumstances existing, will not interfere, directly or indirectly, with the other.

The motion must be denied.