### Ex parte BUCZKOWSKI.

District Court, S. D. California, S. D.  January 21, 1929.

### No. 9328.

Bicksler, Smith, Parke & Catlin, S. C. Stoner, and Hiram E. Booth, all of Los Angeles, Cal., for petitioner.

Jess E. Stephens, City Atty., and Herman Mohr, Deputy City Atty., E. J. Lickley, City Prosecutor, and F. W. Fellows, Deputy City Prosecutor, all of Los Angeles, Cal., for respondent.

JAMES, District Judge.  Petitioner seeks to be discharged from the custody of the chief of police of Los Angeles city. He was convicted of a misdemeanor under an ordinance of said city, which requires solicitors for the sale of merchandise upon the installment or deferred payment plan, before engaging in such business, to obtain a permit from the board of police commissioners. He was tried in the municipal court of the city, and his conviction was affirmed on appeal to the superior court of the county.

Petitioner contends that his conviction is illegal because he was engaged in soliciting business which was a part of interstate commerce, and that the ordinance, as to him, was in conflict with the commerce clause of the United States Constitution. The case of Real Silk Mills v. Portland, 268 U. S. 325, 45 S. Ct. 525, 69 L. Ed. 982, is cited as an authority applicable to the facts. Respondent at the hearing offered in evidence a duly authenticated transcript of the testimony heard in the municipal court, to which petitioner objected. The objection was overruled. Petitioner was then allowed, over the objection of respondent, to introduce several witnesses for the purpose, as asserted by him, of showing the interstate character of the transaction complained of.

The pertinent portion of the ordinance under which petitioner was charged reads as follows: "Every solicitor, canvasser or agent selling or offering for sale any goods, wares or merchandise, from house to house, upon any installment or deferred payment

plan * * * shall before engaging in any such business, obtain a permit therefor from the Board of Police Commissioners of the City of Los Angeles."

The business of petitioner was that of securing orders for the enlargement of photographs, and for painting work to be done on the same. Frames for the pictures were to be included. There was evidence submitted in the municipal court which would authorize that court to conclude that a part of the work was to be done in the city of Los Angeles by persons there employed, and that the frames were to be sent from Chicago, which was the place of business of the corporation employing the petitioner. Petitioner at the trial denied that any of the work was to be done in Los Angeles, but several witnesses testified that at the time the order was being solicited he so represented to the proposed purchaser.

█ █ That it was within the police power of the municipality to require persons engaged in the business described in the ordinance to secure a permit from the police commission, cannot be questioned. And when the petitioner appeared before the municipal judge in answer to the charge preferred against him, the burden was upon him to show that he belonged to a class exempt from prosecution; that is, he was required to show that he was engaged in soliciting business to be handled through interstate commerce. Interstate Busses Corp. v. Holyoke St. Ry. Co., 273 U. S. 51, 47 S. Ct. 298, 71 L. Ed. 530. As to whether he belonged to such exempt class was a fact to be determined by the trial judge. That judge had jurisdiction to try the question, and indeed it was his duty to decide it. "Upon the State courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them. * * *" Robb v. Connolly, 111 U. S. 624, at 637, 4 S. Ct. 544, 551 (28 L. Ed. 542); also, In re Jordan (D. C.) 49 F. 238.

█ Under the evidence the municipal court was justified in determining that, in the execution of the order solicited by petitioner, the "artist's" work was to be done in Los Angeles, and the frame for the finished work was to come from the main establishment of petitioner's employers at Chicago. The transaction was then a mixed one. If petitioner intended to rely upon the protection of the commerce clause, he should have kept himself clearly within the field it is intended

to cover. The Supreme Court of the United States, in dealing with a similar claim respecting the carrying of passengers, and in Interstate Busses Corp. v. Holyoke St. Ry. Co., supra, said: "Appellant may not evade the Act by the mere linking of its intrastate transportation to its interstate or by the unnecessary transportation of both classes by means of the same instrumentalities and employees."

█ If the municipal court had the jurisdiction, under the conflicting evidence, to determine the question as to whether petitioner had shown himself to be entitled to claim immunity from prosecution, its decision was binding. Any irregularity in the trial, any error of the judge sitting, was for the state courts to correct.

In Ex parte Crouch, 112 U. S. 178, 5 S. Ct. 96, 28 L. Ed. 690, the Supreme Court said, regarding the situation of petitioner there, and the rule just referred to: "He seeks to be discharged by habeas corpus, not because, if guilty of the charge which has been made against him, the Court is without jurisdiction to hold him for trial, and to convict and sentence him, but because, as he alleges, he has a valid defense to the charge, which grows out of a provision in the Constitution of the United States, and, for this reason, he insists he is detained in violation of the Constitution. * * * The right of the prisoner to a discharge depends alone on the sufficiency of his defense to the information under which he is held. Whether his defense is sufficient or not is for the Court which tries him to determine. If in this determination errors are committed, they can only be corrected in an appropriate form of proceeding for that purpose. The office of a writ of habeas corpus is neither to correct such errors, nor to take the prisoner away from the court which holds him for trial, for fear, if he remains, they may be committed."

█ I appreciate that the writ prosecuted in the Crouch Case was issued prior to the trial, and prior to final proceedings in the state court, and that such a condition alone might be sufficient reason for denying a hearing on the constitutional question on habeas corpus. Drury v. Lewis, 200 U. S. 1, 26 S. Ct. 229, 50 L. Ed. 343. But it is declared by the decision referred to that, where a state court has jurisdiction to try a question, it must be allowed to exercise its right, and its decision, made within that right, is binding on the party concerned, unless modified or reversed by a tribunal established to exercise appellate review over the court making it.

418

If it had appeared by the evidence heard in the municipal court, without dispute, that the business solicited by petitioner was a matter having to do with interstate commerce, then petitioner could assert here with propriety that the trial court had admitted his status, but had denied him his constitutional right. It cannot be said on the record (as petitioner's counsel insists) that the judge refused to pass upon the question. The record shows that petitioner's counsel presented a motion to dismiss at the conclusion of all the evidence, and included in his motion the ground that the evidence showed that defendant (petitioner) was engaged in interstate commerce, and that he was not amenable to the requirements of the ordinance. The judge inquired, "Do you want a ruling on that?" Counsel for the defendant replied, "You can either rule on it now or reserve ruling until after the argument," to which the judge replied, "I will reserve the ruling." Thereafter the case was fully argued by the defendant's counsel, and the constitutional question again presented. The judge took the matter under advisement, and later rendered his decision, finding the defendant (petitioner) guilty. To indulge in a speculation that the court rejected from consideration the plea of petitioner as to his rights under the Federal Constitution is to question the truth of a plain record. The court was not called upon to make a special ruling upon the constitutional question, and the judgment of guilty is presumed to negative all pleas made in the defense presented.

It follows that petitioner should be remanded to the custody of the chief of police, and it is so adjudged. As petitioner may desire to appeal from this ruling, he is allowed three days within which to surrender himself, from and after this day. In the event of an appeal being perfected, bail in the same amount as now fixed in the defendant's case may be given by a new undertaking, conditioned as is required for appeal purposes.