### Ex parte BUCZKOWSKI.

**BUCZKOWSKI v. DAVIS, Chief of Police of City of Los Angeles.**

Circuit Court of Appeals, Ninth Circuit.
May 20, 1929.

No. 5759.

W. C. Smith, Dale H. Parke, Henry W. Catlin, Samuel C. Stoner, and Hiram E. Booth, all of Los Angeles, Cal., for appellant.

Lloyd S. Nix, City Prosecutor, F. W. Fellows and Joe W. Matherly, Deputy City Prosecutor, Jess E. Stephens, City Atty., and Herman Mohr, Deputy City Atty., all of Los Angeles, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. By this proceeding in habeas corpus appellant seeks to be discharged from the custody of the chief of police of Los Angeles city. He was convicted in the municipal court of that city, and in the superior court of the county his conviction was affirmed, for the violation of an ordinance requiring solicitors for the sale of merchandise on the installment plan first to obtain a permit from the board of police commissioners. Without obtaining such permit he prosecuted the business of securing orders for enlarging photographs, including the painting work to be done on the same and frames for the finished product. He does not question the validity of the ordinance in so far as it is applicable to intrastate business, but contended, and contends, only that he is not amenable to it for the reason that his business is of a purely interstate character. Real Silk Mills v. Portland, 268 U. S. 325, 45 S. Ct. 525, 69 L. Ed. 982. The appellee conceded and concedes that the ordinance is inoperative as to interstate commerce, and manifestly, therefore, the issue in the state courts was largely one of fact clearly within their jurisdiction to determine. Whether or not the burden was upon appellant to show his exemption (Interstate Busses Corp. v. Holyoke Ry. Co., 273 U. S. 45, 47 S. Ct. 298, 71 L. Ed. 530), it cannot be said that the state courts acted arbitrarily or capriciously. There was evidence tending to show that in the execution of the orders obtained by appellant the artist's work was to be done in Los Angeles and the frames were to come from his employer's establishment in Chicago. The correct classification of such a transaction, while ultimately requiring the application of principles of law, primarily involved the consideration of conflicting evidence upon an issue of fact. In determining these questions the municipal court was in the proper exercise of its jurisdiction, and, there being no extraordinary consideration or peculiar urgency, appellant's remedy was in the appellate state courts and ultimately, if there denied relief, in the Supreme Court of the

United States. Urquhart v. Brown, 205 U. S. 179, 27 S. Ct. 459, 51 L. Ed. 760.

 Upon the record made we are of the opinion that under repeated rulings of the Supreme Court, in discharging the writ the court below was ·in the performance of its plain duty. See Robb v. Connolly, 111 U. S. 624, 4 S. Ct. 544, 28 L. Ed. 542; Ex parte Crouch, 112 U. S. 178, 5 S. Ct. 96, 28 L. Ed. 690; Ex parte Royall, 117 U. S. 241, 6 S. Ct. 734, 29 L. Ed. 868; Baker v. Grice, 169 U. S. 284, 18 S. Ct. 323, 42 L. Ed. 748; Markuson v. Boucher, 175 U. S. 184, 20 S. Ct. 76, 44 L. Ed. 124; Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Collins v. Johnston, 237 U. S. 502, 35 S. Ct. 649, 59 L. Ed. 1071; Ashe v. United States, 270 U. S. 424, 46 S. Ct. 333, 70 L. Ed. 662. In the last case cited it is said: "In so delicate a matter as interrupting the regular. administration of the criminal law of the state by this kind of attack too much discretion cannot be used and it must be realized that it can be done only upon definitely and narrowly limited grounds." And in the Frank-Mangum Case: "If he [the petitioner] is held in custody by reason of his conviction upon a criminal charge before a court having plenary jurisdiction over the subject-matter or offense, the place where it was committed, and the person of the prisoner, it results from the nature of the writ itself that he cannot have relief on habeas corpus. Mere errors in point of law, however serious, committed by a criminal court in the exercise of its jurisdiction over a case properly subject to its cognizance, cannot be reviewed by habeas corpus. That writ cannot be employed as a substitute for the writ of error."

Affirmed.