ECONOMY CASH & CARRY LAUNDRY, INC., *et al.*, v. FLORIDA DRY CLEANING AND LAUNDRY BOARD.

186 So. 422.
Opinion Filed February 3, 1939.

*E. F. P. Brigham* and *Whitfield & Whitfield,* for Appellants;

*Walsh, Beckham & Ellis* and *Hoffman & Robinson,* for Appellee.

### On Petition for Rehearing

Terrell, C. J.,—In December, 1938, the Circuit Court of Dade County issued a temporary restraining order directed to Appellants commanding them to refrain from doing any dry cleaning, pressing, or laundry in the Dade County area for less than the minimum price fixed by Appellee.

The instant appeal was prosecuted from that order and application was made to this Court by Appellee for a constitutional writ under Section Five of Article Five of the Constitution to preserve the integrity of the temporary restraining order pending the disposition of the appeal. The constitutional writ was granted January 16, 1939, and a motion to stay its effective date was denied.

It having been brought to the attention of this court that the said constitutional writ was being flagrantly violated by appellants, they were on January 18, 1939, cited to appear before us and show cause why they should not be adjudged in contempt. On the date designated in the rule to show cause, appellants filed their return in which they admitted that they were openly violating the constitutional writ of this Court, but as defense thereto, they say that said writ was predicated on a wrong construction of the law and that they were desirous of creating a factual basis on which they could prosecute an appeal to the Supreme Court of the

United States to settle the controversy. The Court considered the return and after doing so, adjudged appellants to be in contempt and sentenced them to pay a fine of five hundred dollars and to serve thirty days in the common jail of Leon County. In default of the payment of the fine, they were sentenced to serve sixty days in jail.

They now move for a rehearing and reconsideration of the contempt order on the ground that Chapter 17894, Acts of 1937, and the orders made in pursuance thereof by appellee are unconstitutional and void and in violation of the fourteenth amendment to the Constitution of the United States. The temporary restraining order from which this appeal was taken was made pursuant to Chapter 17894.

The validity of Chapter 17894, Acts of 1937, was upheld in Miami Laundry Co., *et al.*, v. Florida Dry Cleaning and Laundry Board, 134 Fla. 1, 183 So. 759. Being so, its validity is no longer an open question, but whether it is valid or invalid is of little consequence in so far as the contempt proceeding is concerned. The adjudication in contempt was imposed for disobedience to the Constitutional writ of this Court, so whether the Circuit Court is affirmed or reversed on the main question, the adjudication for contempt is not affected. It was imposed for insubordination to the Court's order and even though the act should be held invalid, the insubordination was present and merits the punishment imposed.

The motion for rehearing is therefore denied.

It is so ordered.

WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., concurs in the conclusion.