**HEIMAN et al. v. STOUTAMIRE, Sheriff.**

District Court, N. D. Florida.

Feb. 8, 1939.

E. F. P. Brigham and Vincent C. Giblin, both of Miami, Fla., and Whitfield & Whitfield, of Tallahassee, Fla., for petitioners.

Walsh, Beckham & Ellis and Hoffman & Robinson, all of Miami, Fla., George C. Gibbs, Atty. Gen., Lawrence Truett, Asst. Atty. Gen., Marks, Marks, Holt, Gray & Yates, of Jacksonville, Fla., and Jordan, Lazonby & Dell, of Gainesville, Fla., for respondent.

LONG, District Judge.

This cause is before the Court upon the petition for writ of habeas corpus of one S. J. Heiman, A. E. Lichtenstein and Warren Cash, residents of Miami, Florida, who are now in the custody of the Sheriff in the county jail of Leon County, Florida, held under a contempt order for the disobedience of a writ issued by the Supreme Court of Florida.

It appears from the petition that in the year 1937 Chapter 17894 was passed by the Florida Legislature and commonly referred to as the Florida Dry Cleaning and Laundry Act. During the year 1938 the Supreme Court of Florida in the case of Miami Laundry Company et al. v. Florida Dry Cleaning and Laundry Board, 183 So. 759, had occasion to pass on the constitutionality of this Act, and on the 27th of July 1938 filed its opinion holding the Act constitutional by a divided Court. Justices Terrell, Whitfield, Buford and Chapman were of the opinion that the Act was constitutional; Justices Brown and Ellis were of the opinion that the Act was unconstitutional, violative of the constitutions both state and federal.

These petitioners during the year 1938 obtained from one of the judges of the circuit court of Dade County, Florida, a temporary restraining order which enjoined the Florida Dry Cleaning and Laundry Board from enforcing either the price fixing orders of said Board or the requirements of said enactment, and on the 7th of September 1938 these petitioners secured from the Supreme Court of Florida the alternative writ of prohibition prohibiting said judge from proceeding with said cause, but upon motion to quash said alternative writ the Supreme Court of Florida, after a full hearing, quashed the same and permitted the said judge to proceed with the cause; that thereafter on the 13th day of December 1938 the Dry Cleaning and Laundry Board entered an appeal and obtained from the Supreme Court of the State a supersedeas order, which order stayed the injunctive order of the circuit judge of Dade County, Florida; that on the 15th day of December 1938 the Dry Cleaning and Laundry Board obtained from another state judge of the same circuit a temporary restraining order against these petitioners and their corporations and other persons, which order restrained these petitioners and others from operating or conducting a laundry or dry cleaning business in Dade County, Florida, until license fees required under the Act were paid to the Dry Cleaning and Laundry Board; that supersedeas was applied for from this order to the Supreme Court of Florida and refused, whereupon, the two causes were consolidated in the circuit court of Dade County, Florida, and a stay order entered staying the effect of the injunction entered by a junior judge of that circuit, the Supreme Court of Florida then allowing a supersedeas in so far as the same stayed the effect of the decree of one of the judges, and consolidated the causes; that on January 16th, 1939, the Supreme Court of Florida, Economy Cash & Carry Laundry, Inc. v. Florida Dry Cleaning & Laundry Board, 186 So. 422, entered an injunctive and restraining order commanding these petitioners to obey the injunctive order of the circuit judge at Miami, Florida, and restrained and enjoined these petitioners and their corporations from violating said injunctive order and enjoined petitioners from further engaging in the business of laundry and dry cleaning in Dade County, Florida, until and unless they had paid the license fees required to be paid by said enactment to the said Florida Dry Cleaning and Laundry Board; that thereafter these petitioners were required by rule of the Florida Supreme Court to show cause why they should not be adjudged in contempt of the said injunctive order; that in response to the rule these petitioners filed their return which alleged in substance that Chapter 17894 of the Acts of the Florida Legislature was unconstitutional and void, and had been so declared by the District Court of the Southern District of Florida, and further admitted that they were openly violating the constitutional writ of the Supreme Court, but as a defense said that the writ was predicated on an erroneous construction of law, and that they were desirous of creating a factual basis on which they could predicate an appeal to the Supreme Court of the United States to settle the controversy. That the Supreme Court of Florida did then adjudge these petitioners in contempt and did commit them to prison.

It is the contention of petitioners that said enactment, viz., Chapter 17894 of the Acts of the Florida Legislature for the year 1937, is unconstitutional and void because it violates section one of Article Fourteen of the Amendments to the United States Constitution, U.S.C.A. The Act

being unconstitutional and void, all orders and decrees of the court based upon the unconstitutional Act are as well void and unenforceable. In this contention the petitioners are sustained by authority and contend that they are entitled to the writ of habeas corpus for the reason stated. In this connection they cite the case of Dreyer v. Pease, C.C., 88 F. 978, as controlling—"When the constitutionality of a state statute has already been sustained by the state courts, a prisoner arrested by virtue of such statute has a right to have its validity under the federal constitution passed upon by the federal courts in a habeas corpus proceeding." There is a distinction between the case cited and the case at Bar, the one is an arrest upon a statute, the other is imprisonment inflicted, not for the violation of any statute, but for the failure to obey the solemn order of the highest court of the state.

 This court may be fully of the opinion that the Act violates the federal constitution, and may be in full accord with the dissenting opinion rendered in the Miami Laundry Company v. Florida Dry Cleaning and Laundry Board case, and in full agreement with the opinion of the District Judge of the Southern District of Florida that the Act is unconstitutional, null and void, but it seems from the best reasoned authorities that with the unconstitutionality of this Act this Court for the purpose of determining whether the writ of habeas corpus should issue is not concerned with the wisdom of the Act, nor with its constitutionality has it anything to do; but the sole question to be determined is whether or not the Supreme Court of Florida, at the time it entered its order holding these petitioners in contempt for the disobedience of its decree, had jurisdiction to issue the injunctive order and subsequently to issue the order holding these petitioners in contempt and committing them for the disobedience of its decree. As to its jurisdiction to enter the injunctive order the constitution of the state answers in the affirmative. As to the contempt order there can be no question as to the jurisdiction here. And it matters not how erroneous the action of the Court or how void the Act may be, it is for the court of first instance to determine the validity of the Act and as long as that decision is not reversed because of some error by orderly review, its orders are to be respected and any refusal to obey them is certainly contempt of

its lawful authority. Howat v. Kansas, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550.

The petitioners invoked the jurisdiction of the state court and the Supreme Court had jurisdiction of the parties and of the subject matter, and there is no contention that the order holding the petitioners in contempt was invalid, except the contention that the Act itself was unconstitutional and void, and, therefore, all orders made thereunder were unconstitutional and void.

 The writ of habeas corpus can never be used to take the place of an appeal, of a writ of error or certiorari. This court has no power to act as a court of review of the action of the Supreme Court of Florida farther than to inquire into the jurisdictional question. Neither can the writ of habeas corpus be used to investigate and consider questions of error that might be raised touching procedure or on the merit. There is abundant authority to sustain the court in this holding. Owens v. Dancy, 10 Cir., 36 F.2d 882; Ex parte Kearney, 7 Wheat. 38, 5 L.Ed. 391.

In the case of Ex Parte Davis, C.C., 112 F. 139, 142, the court held, citing the case of U. S. v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631, 637: "Under a writ of habeas corpus, the inquiry is addressed, not to errors, but to the question whether the proceedings and the judgment rendered therein are, for any reason, nullities; and, unless it is affirmatively shown that the judgment or sentence under which the petitioner is confined is void, he is not entitled to his discharge."

In the case of Ex parte Haggerty, C.C., 124 F. 441, 443, 444: "The writ of habeas corpus cannot be used as a writ of error or appeal. I am therefore to consider the question of jurisdiction alone."

 It can be readily observed that if the writ of habeas corpus could be used to take the place of an appellate writ that much confusion and unbounded disorder would be brought about by the different courts attempting to examine and determine the contempt of others. For that reason the authorities seem to be in unity that the writ of habeas corpus cannot be used to question the propriety of a contempt order where the court clearly had jurisdiction to enter the order. Ex parte Savin, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150; Craig v. Hecht, 263 U.S. 255, 44 S.Ct. 103, 68 L.Ed. 253; In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092; In re Nevitt, 8 Cir., 117 F. 448; Castner

v. Pocahontas Collieries Co., C.C., 117 F. 184; Ex parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405; In re Tyler, 149 U.S. 164, 13 S.Ct. 785, 37 L.Ed. 689; In re Crouch, 112 U.S. 178, 5 S.Ct. 96, 28 L.Ed. 690.

In an opinion of the Supreme Court of Florida, Economy Cash & Carry Laundry, Inc., v. Florida Dry Cleaning Board, 186 So. 422, on petition for rehearing in the contempt proceeding, filed February 3rd, 1939, three days before this hearing, the Supreme Court in denying the motion for rehearing said: "Appellants filed their return in which they admitted that they were openly violating the constitutional writ of this Court, but as defense thereto, they say that said writ was predicated on a wrong construction of the law and that they were desirous of creating a factual basis on which they could prosecute an appeal to the Supreme Court of the United States to settle the controversy."

It seems obvious that at the time of the filing of the return it was the intention of these petitioners to rely upon the remedy of appeal, which in the mind of this court was the proper remedy, and that the writ of habeas corpus cannot now be used to supply this appellate writ.

It is, therefore, considered by the court that the prayer of the petition for the issuance of the writ of habeas corpus be and the same is denied.